## HOME TRUST CO. et al. v. MILLER PETROLEUM CO.

District Court, D. Kansas, Third Division. August 20, 1928.

No. 261–N.

**1. Receivers ⊜69—Receiver takes subject to liens, priorities, and equities against property at time of his appointment.**

Receiver holds property coming into his hands by the same right and title as the insolvent, and takes subject to liens, priorities, and equities existing at time of his appointment.

**2. Receivers ⊜142—Receiver's sale passes title, subject to existing prior liens.**

Receiver can transfer only such title as he may have, and, if order makes no mention of prior liens or encumbrances, title at receiver's sale passes, subject to such liens.

**3. Judgment ⊜707—Right of lienholder cannot be divested, unless lienholder is in court, actually or constructively.**

Court cannot divest person of right to lien on property, unless that person is in court, either actually or constructively.

**4. Mortgages ⊜497(2)—Liens may be adjudicated in foreclosure proceeding, if lienholders are joined as parties.**

Rights of lienholders may be adjudicated, and their claims barred, by bringing them in as parties in foreclosure proceeding.

**5. Judgment ⊜829(3)—Judgment in foreclosure suit held not to preclude prosecution in state court after sale of claim against property by another mortgagee, not made party to foreclosure proceeding.**

Where, in mortgage foreclosure suit in federal court, mortgagee failed to join holder of another mortgage on the property, judgment of foreclosure was not binding on the other mortgagee, and he was entitled to prosecute claim in state court as against the property sold under the foreclosure decree.

**6. Courts ⊜500—Mortgagee and receiver, after sale of mortgaged property under foreclosure to third party, had no such interest as entitled them to restraining order to enjoin proceedings against property in state court by another mortgagee.**

Where mortgage had been reduced to judgment and property sold to third party under foreclosure, proceeds being paid to mortgagee, mortgagee and receiver had no interest therein, such as would justify granting them restraining order to prevent the assertion of a claim against property in state court by another mortgagee, where no relief was sought against receiver in the state court.

In Equity. Suit by the Home Trust Company, trustee, and another against the

Miller Petroleum Company, for the foreclosure of a mortgage, in which plaintiffs recovered judgment. On plaintiffs' application to enjoin the National Supply Company from prosecuting a claim in the state court against the property formerly covered by the mortgage. Application denied.

Ringolsky, Friedman, Boatright & Jacobs, of Kansas City, Mo., for petitioners.

Banks, O'Brien & McVey, of Independence, Kan., for respondent National Supply Co. Midwest.

McDERMOTT, District Judge. This matter has been submitted upon the records and decrees made in this court, and upon an affidavit as to the merits filed by the National Supply Company. The matter has been briefed and comes on now for decision. The application is one to enjoin the National Supply Company from prosecuting in the state courts a claim which it has against the property formerly belonging to the Miller Petroleum Company.

On July 1, 1925, the Miller Petroleum Company executed a mortgage to the plaintiffs herein upon certain property owned by it in Allen county, Kan. On the 24th of July, 1926, the National Supply Company filed an action in the state court against the Miller Petroleum Company and the claimants herein, and others, claiming $17,223.87 arising by virtue of certain materials furnished the company prior to the execution of the mortgage, and to foreclose a statutory mechanic's lien therefor. In that suit to foreclose, an application was made for the appointment of a receiver. In that action the plaintiffs herein filed their answer, alleging that their mortgage was a lien prior to that of the National Supply Company, and prayed that the state court might declare the mortgage to be a first and prior lien on the property in controversy. On the 3d of November, 1926, a consent decree was entered in the state court, by which the application for a receiver was overruled, excepting as to a certain pipe line not here involved. A judgment was entered in favor of the National Supply Company against the Miller Petroleum Company for the full amount asked, and it was decreed that the pipe line should be first sold to apply upon this judgment. It was then provided that the question of priority of liens as to the balance, about $9,000, "is hereby expressly reserved, without prejudice to the rights of either the plaintiff or the defendant herein, and that that question shall be determined by the court, after it has been presented to the court and evidence of the parties thereto fully heard in connection therewith."

The matter came on for trial in the state court on the 9th of April, 1928, the plaintiffs herein appearing by counsel, and the court found that the lien of the National Supply Company was superior to the lien of the mortgage, and the property was ordered sold for the purpose of satisfying the lien. The plaintiffs herein filed a motion for new trial, alleging in substance that their local counsel had misadvised them as to the hour of trial, and that they were not present during the entire trial. Thereupon, and on the 9th of June, 1928, the state court granted a new trial. This application is to enjoin the trial in the state court, granted upon the request of plaintiffs herein.

The federal court suit is a straight foreclosure action filed on the 18th of April, 1927. Pending the foreclosure proceeding, a receiver was asked for. The action is not in the nature of either a creditor's bill or a stockholder's bill, and no effort was made to bring in all the creditors or other lienholders. The only defendant in the federal court suit was the Miller Petroleum Company, and this notwithstanding the fact that the plaintiffs were advised of litigation pending in the state court, to which they were parties, in which litigation the National Supply Company was claiming a prior lien. Appearance was entered by the Miller Petroleum Company, and a receiver was appointed on the same day; his duties being set out in the order of his appointment, and being confined to the taking possession of the property, collecting moneys and rents that might be due the defendant corporation, and the preservation of the property. The decree provided for no notice to creditors generally of the appointment of receiver, and no order was made requiring creditors or other lienholders to appear in the action and to set up their claim.

On the 31st day of May, 1927, the decree of foreclosure was entered. The decree recited the mortgage, the breach of the conditions, and appointed a special master for the purpose of making the sale. While the special master was the same individual as the receiver, it should be noted that the sale was not a receiver's sale, but an ordinary sale in foreclosure by a special master. The special master gave notice of sale, sold the property, and the sale was confirmed on the 6th of July, 1927, and the special master directed to give his deed. The decree of foreclosure provided that all questions not disposed of by the decree, including all matters relating to the discharge of the receiver and the settlement

of his accounts, and all matters necessary to assure the purchaser good title to the property conveyed by the sale, are reserved for future adjudication. The purchaser has been in possession of the property under the master's sale since the expiration of the period of redemption, and is now in possession.

The parties have briefed the matter upon the hypothesis that the question involved is one of a squabble for possession of the property between the state court and this court. I cannot see that any such question is involved. The property is not in the possession of either court, the possession having passed to the purchaser at the sale many months ago. It is quite true that the National Supply Company asked for the appointment of the receiver in its original action in the state court, but that application was denied on the 3d of November, 1926, six months before the appointment of the federal court receiver. When the federal court receiver was appointed his possession was exclusive. If, during the time the receiver of this court was in possession of the property, the state court, either through a receiver or by order of sale, had attempted to exercise dominion over the property, the opportunity would then have been presented to explore the law as to whether the prayer to foreclose a mechanic's lien so brought the property into the grasp of the state court that its constructive possession barred other courts from taking of actual possession; this, in turn, would have required an examination into the scope and issues of the two suits. But there is no present occasion for any such inquiry; this court is not in possession of the property, actually or constructively; that possession passed when the foreclosure suit was terminated and the property sold. The question presented is a simple one: Where property is foreclosed in this court, may the plaintiffs in that suit come in, months or years later, and require this court to litigate any question of title or priorities that may be raised by persons not parties to the suit?

[1-4] The question seems to answer itself. It is axiomatic that "a receiver holds the property coming into his hands by the same right and title as the person for whose property he is receiver, subject to liens, priorities, and equities existing at the time of his appointment. He becomes merely the assignee of the insolvent, and has exactly the same rights. He is not an innocent purchaser in any sense of that term. In accordance with this rule a mechanic's lien, an attachment lien, or the lien of a judgment or execution is not destroyed by the appointment of a receiver" (23 R. C. L. 56); and that he can only transfer such title as he may have, and that "liens upon property held by a receiver are not divested by virtue of a sale made by him. If the order of sale makes no mention of such prior lien or incumbrances of any kind, the sale passes the title in the property as it is in the receiver, and subject to whatever incumbrances that may be existing upon it." 23 R. C. L. 100. A court cannot divest a person of a right to or lien upon property, unless that person is in court, either actually or constructively. By proper notice and proper proceeding, every one claiming a lien upon or right in the property in controversy could have been brought before this court in the foreclosure proceeding, and such rights adjudicated and claims barred; thereafter it is probable that this court has the power, in supplementary or ancillary provisions, to enforce its decree against those parties barred.

[5] But nothing of that kind happened here. The only party in court, and the only person barred, was the Miller Petroleum Company. The only title attempted to be transferred by the sale was the title of the defendant. The plaintiffs knew the National Supply Company was asserting a prior lien, and they were even then litigating its priority with the supply company in the state court. The plaintiffs could have made the supply company a party in this action, but for reasons of their own did not do so. The situation, then, is this: Where a mortgagee forecloses his mortgage, and for reasons of his own does not make other lienholders parties, such other lienholders are not barred, and after sale they may assert their claims in a forum of their choosing, and there is no interference with possession, or the foreclosure decree, in such assertion. The general reservation of jurisdiction, at the foot of the decree, simply reserves the power to clean up the details of the case presented, and to enforce the decree made; it is not sufficient to embrace new controversies between new parties.

[6] Furthermore it is difficult to see what interest the parties seeking the restraining order have in the controversy. The mortgage of the plaintiffs has been reduced to judgment, and the property sold to an outsider, and the plaintiffs have the proceeds of the sale. The plaintiffs have no interest in the property against which the National Supply Company claims a lien; their interest in the property passed to the purchaser at the foreclosure sale. The receiver, who joins in the application, has no standing, for no relief is being sought against the receiver in the

state court. If the assertion of this lien were an interference with the possession of this court, or an impairment of its decree, the court's attention may be called to the matter by any one; but where the controversy is between a purchaser at the sale, and persons not parties to the suit who are claiming a lien, the interest of the mortgagees is not apparent; especially is this true where the public records disclosed that the lien was being claimed for months before the suit was brought in this court.

In this view of the case, it is unnecessary to determine whether plaintiffs are estopped from seeking this relief by their participation in the state court action without objection up to the point where the court decided against them, or whether plaintiffs can enjoin a new trial granted at their own request.

The application will be denied.