Garrison et al. v. Trotter.

GARRISON *et al. v.* TROTTER.

(*Nashville.* December Term, 1904.)

**COSTS.** **Equitably adjusted when neither is "successful party."** Case in judgment.

Plaintiff recovered a judgment before a justice of the peace against defendant, for one hundred dollars and all costs, and defendant appealed to the circuit court, where there was a trial *de novo* in which plaintiff recovered a judgment for $12.75 and costs against defendant. On motion of defendant to retax the costs, the circuit court adjudged the costs accrued before the justice of the peace against the defendant, and the costs accrued on the appeal and in the circuit court against the plaintiffs, from which judgment as to costs plaintiffs appealed;

*Held,* (1) That neither party was successful within the meaning of the Code provision that the successful party shall be entitled to full costs, and,

(2) That the circuit court exercised a sound discretion in making an equitable adjustment of the costs, and in conformity with the requirements of the Code that the law of costs shall be construed remedially, and not as a penal law.

Code cited and construed: secs. 4938, 4961, 4962 (S); secs. 3921, 3944, 3945 (M. & V.); secs. 3197, 3219, 3220 (1858).

Cases cited and approved: Parham v. Gibbs, 16 Lea, 296; Williams v. Cosby, 2 Heisk., 644; Schoonoven v. Stillman, 3 Shan. Tenn. Cas., 574.

FROM GILES.

Appeal from the Circuit Court of Giles County. —SAM HOLDING, Judge.

STEELE & ESLICK, for Garrison et al.

FLOURNOY RIVERS and BEN CHILDERS, for Trotter.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The only question presented on this record is the taxation of costs. The suit was originally commenced before a justice of the peace for Giles county to recover damages for the use and occupation for 1903 of certain land belonging to plaintiffs. The trial resulted in a judgment in favor of the plaintiffs against defendant for $100 and costs. The defendant alone appealed from this judgment to the circuit court of Giles county, where the cause was tried on February 4, 1904, before the circuit judge and a jury, resulting in a judgment in favor of the plaintiffs for $12.75 and all costs against defendant.

It was conceived by counsel for defendant that his client had been the successful party on the appeal, inasmuch as plaintiffs had recovered a smaller judgment in the circuit court than that rendered by the justice. Accordingly a motion was submitted on behalf of defendant to tax the plaintiffs with the costs of the appeal. The circuit judge sustained defendant's motion, and adjudged all of the costs that accrued before the justice of the peace against the defendant, and all of the costs of the appeal and all the costs that accrued in the circuit court against the plaintiffs.

The first question presented on the appeal of the plaintiffs is whether the defendant, who alone appealed from the judgment of the justice of the peace to the circuit court and succeeded there in reducing the amount of the judgment, is the successful party under the statute, and therefore entitled to costs.

It is insisted on behalf of the plaintiffs that they were the successful parties to the suit, and under the statute are entitled to full costs against the defendant. Their insistence is based upon the proposition that they recovered a judgment before the justice of the peace for $100, and did not appeal, but defendant did appeal, and the trial in the circuit court was *de novo*, and there the plaintiffs again recovered a judgment for $12.75.

It is further insisted that defendant did not, before or after the commencement of the suit, tender plaintiffs any amount whatever in settlement of their demand, and hence must be onerated with all the costs incident to any recovery by plaintiffs.

The question presented is one of first impression in this State, so far as we are advised by any published opinion of this court. It is well settled that a plaintiff who recovers a judgment before a justice of the peace and fails on appeal to the circuit court to increase his judgment is not a successful party in the sense of the statute, and is onerated with all the costs. *Parham* v. *Gibbs*, 16 Lea, 296; *Williams* v. *Cosby*, 2 Heisk. 644.

It may be conceded that if the defendant, on the trial before the justice of the peace, had tendered the sum of

$12.75 adjudged against him on the trial in the circuit court, he would have been in an attitude to make this question, since, if the plaintiffs failed to accept his tender, there was no recourse left to the defendant but to pray an appeal and prosecute his suit in the circuit court. In this case, however, no tender was made before the justice of the peace, and the defendant, without admitting any liability, appealed from the judgment of the justice of the peace, and thereby forced the plaintiffs to litigate with him in the circuit court over the entire amount involved. It cannot, therefor, be said that defendant is the successful party within the meaning of Shannon's Code, section 4938, which provides that the successful party in all civil actions is entitled to full costs, etc. Neither can the plaintiffs rightfully claim to be the successful party, since their recovery before the justice was by the judgment of the circuit court reduced eighty-seven and one-half per cent.

It follows, therefore, that neither party being successful within the meaning of the statute, the taxation of costs must be governed by section 4962, Shannon's Code, which provides, viz:

"And if any case shall occur not directly or by fair implication embraced in the express provisions of the law, the court may make such disposition of the costs, as in its sound discretion may seem right."

This section was applied in *Schoonover* v. *Stillman*, 3

Garrison et al. v. Trotter.

Tenn. Cas., 574; *Parham* v. *Gibbs*, 16 Lea, 296; *Williams* v. *Cosby*, 2 Heisk., 644.

We are of opinion that upon the facts presented in this record the circuit court exercised a sound descretion in making an equitable adjustment of the costs, and in conformity with the requirements of the Code that the law of costs shall be construed remedially, and not as a penal law. Shannon's Code, section 4961.

The judgment of the circuit court will be affirmed.