(626 P.2d 1219)

No. 51,851

DONALD MARTIN SCHUH, *Appellee,* v. EDUCATIONAL READING SERVICES OF KANSAS, INC., *Appellant.*

Opinion filed April 24, 1981.

*Frank D. Taff,* of Topeka, for the appellant.

*Randy L. Baird,* of Ireland & Enright, of Topeka, for the appellee.

Before JUSTICE HERD, presiding, SWINEHART, J., and WILLIAM M. COOK, District Judge, assigned.

HERD, J.: Educational Reading Services of Kansas, Inc. (E.R.S.) appeals from a trial court's order denying its motion for attorney fees pursuant to K.S.A. 1980 Supp. 61-2709.

Donald Martin Schuh filed a claim in the Shawnee County Small Claims Court to recover $168.75 from E.R.S. for breach of contract. Schuh claimed E.R.S. guaranteed he would experience increased speed and comprehension in his reading ability. Schuh's reading ability did not increase as promised and he attempted to collect on the guarantee. The claim was denied. With the aid of legal intern Robert German, Schuh appealed to the limited actions division of the Shawnee County District Court, pursuant to K.S.A. 1980 Supp. 61-2709. Another intern, Michael J. Kemmy, took over the case and filed a request for production of documents pursuant to K.S.A. 60-234 and a request for admissions, pursuant to K.S.A. 60-236. The trial court denied the requests. Schuh dismissed Kemmy and retained Randy Baird, who filed a motion to dismiss on Schuh's behalf. The motion was granted. E.R.S. filed a motion for attorney fees pursuant to K.S.A. 1980 Supp. 61-2709. At a hearing on the motion, the trial court found E.R.S. had not been successful on appeal and should be denied attorney fees. E.R.S. appeals.

The sole issue on appeal is whether E.R.S. may recover attor-

ney fees pursuant to K.S.A. 1980 Supp. 61-2709. That statute deals with appeals taken from judgments rendered under the Small Claims Procedure Act. The pertinent portion of the statute provides:

"If the appellee is successful on an appeal pursuant to this subsection, the court shall award to the appellee, as part of the costs, reasonable attorneys' fees incurred by the appellee on appeal."

The term "successful party" has been held to be synonymous with "prevailing party." *Beneficial Standard Properties, Inc. v. Sharps,* 136 Cal. Rptr. 549, 67 Cal. App. 3d 227 (1977). The term "prevailing party" is defined in Black's Law Dictionary 1069 (5th ed. 1979) as:

"The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered. (Citations omitted.) The party ultimately prevailing when the matter is finally set at rest."

With respect to the specific question of attorney fees, it has been stated a prevailing party is the person who has an affirmative judgment rendered in his favor at the conclusion of the entire case. *Jordan v. Elizabethan Manor,* _____ Mont. _____, 593 P.2d 1049 (1979). See generally, *Newton v. Hornblower, Inc.,* 224 Kan. 506, 582 P.2d 1136 (1978); *Schwartz v. Western Power & Gas Co., Inc.,* 208 Kan. 844, 494 P.2d 1113 (1972).

In Kansas, attorney fees are not allowed unless authorized by statute (*In re Estate of Hannah,* 215 Kan. 892, 900, 529 P.2d 154 [1974]; *In re Estate of Murdock,* 213 Kan. 837, 519 P.2d 108 [1974]; *Crooms v. Whitfield,* 4 Kan. App. 2d 306, 605 P.2d 592 [1980]), or by agreement of the parties (*Gaslight Villa, Inc. v. City of Lansing,* 213 Kan. 862, 518 P.2d 410 [1974]). An award of costs and expenses does not generally include attorney fees unless statutory authority confers the power to make such an award. *Wolf v. Mutual Benefit Health & Accident Association,* 188 Kan. 694, 700, 366 P.2d 219 (1961). K.S.A. 1980 Supp. 61-2709 awards attorney fees incurred on appeal as part of the costs of the action. A defendant may receive costs where a plaintiff voluntarily dismisses an appeal against a defendant. *In re Arbitration, Public Bldg. U. and Abbott Hosp.,* 270 Minn. 326, 133 N.W.2d 826 (1965). The court in *In re Arbitration* considered the appeal

expenses incurred by the non-appealing party and found costs should be recovered.

Appellant was obligated to respond to Schuh's requests for production of documents and admissions and the record indicates appellant's attorney expended time and expense in his preparation of the appeal. Under the facts and circumstances of this case, although the appeal ended with a voluntary dismissal by Schuh, we find E.R.S. prevailed on appeal and is entitled to recover attorney fees pursuant to K.S.A. 1980 Supp. 61-2709.

The judgment is reversed and remanded to the trial court to determine attorney fees to be awarded to E.R.S.