No. 53,627

BERND B. SZOBOSZLAY, *Appellant,* v. MRS. GLESSNER, *Appellee.*

(664 P.2d 1327)

Opinion filed June 10, 1983.

*Lawrence H. Vogel,* of Vogel, Oleen & Kintner, of Manhattan, was on the brief for the appellant.

*Mark Edwards,* of Hoover, Schermerhorn, Edwards & Pinaire, of Junction City, was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal by Bernd B. Szoboszlay (plaintiff-appellant) in an action brought under the Small Claims Procedure Act, K.S.A. 61-2701 *et seq.,* against Mrs. Esta Glessner (defendant-appellee). The appellant contends the trial court erred in failing to award him attorney fees as provided by K.S.A. 1982 Supp. 61-2709 in an appeal taken by Mrs. Glessner from a judgment entered against her in the small claims action.

The facts pertinent to this appeal are brief and undisputed. On March 20, 1981, the appellant filed a small claims action against his landlord, Mrs. Glessner, for the return of his security deposit.

A judgment of $150 was entered in favor of the appellant (tenant) by the district magistrate judge on April 7, 1981. Mrs. Glessner appealed to the district court pursuant to K.S.A. 1982 Supp. 61-2709(a) and counterclaimed for damages in the amount of $1,140. In his answer to the counterclaim the appellant prayed for reasonable attorney fees, return of his security deposit and damages under K.S.A. 1982 Supp. 58-2550(c) (Residential Landlord and Tenant Act). On July 29, 1981, Associate District Judge Melvin M. Gradert affirmed the judgment entered in the small claims proceeding, but modified the amount of the judgment by reducing it to $124.02 due to additional rent owed by the tenant in the amount of $25.98. No provision was made for attorney fees and the appellant (tenant) filed notice of appeal to the Court of Appeals with the clerk of the district court on August 27, 1981.

The appellant was issued an order by the Court of Appeals to show cause why the appeal should not be dismissed for lack of jurisdiction for failure to file the notice of appeal within the ten-day limit set forth in K.S.A. 61-2102(a) for appeals in limited action cases. The appellant responded that K.S.A. 1982 Supp. 61-2709(b) under the Small Claims Procedure Act provides that a decision of a district judge or associate district judge entered in a de novo appeal in a small claims proceeding may be appealed "in the manner provided by article 21 of chapter 60," which would allow 30 days to file a notice of appeal. The parties were directed to file briefs on the issue of jurisdiction which would be determined along with the merits. Due to the apparent conflict in the Code of Civil Procedure for Limited Actions regarding the time limit within which a notice of appeal to the appellate courts must be filed in limited action cases, this case was transferred to the Supreme Court pursuant to K.S.A. 20-3018(c).

Was this appeal timely filed under the applicable statute? The filing of a timely notice of appeal is jurisdictional. *State v. Moses*, 227 Kan. 400, Syl. ¶ 8, 607 P.2d 477 (1980). While the question of jurisdiction was not raised by either party we have often held it is the duty of this court to raise the question of jurisdiction on its own motion, and where the record discloses a lack of jurisdiction it is the duty of this court to dismiss the appeal. *In re K-Mart Corp.*, 232 Kan. 387, Syl. ¶ 1, 654 P.2d 470 (1982); *State v. Moses*, 227 Kan. 400, Syl. ¶ 7.

The issue of jurisdiction in this case arises by reason of two

statutes contained in the Code of Civil Procedure for Limited Actions, found in chapter 61 of the Kansas Statutes Annotated, governing the time within which a notice of appeal must be filed. K.S.A. 61-2101, the general appeal provision for chapter 61 actions, provides:

"(a) All appeals from actions pursuant to this chapter shall be by notice of appeal specifying the order, ruling, decision or judgment complained of, and shall be filed with the clerk of the court from which the appeal is taken within ten (10) days after the entry of such order, ruling, decision or judgment . . . ."

The statute governing appeals in actions under the Small Claims Procedure Act, K.S.A. 1982 Supp. 61-2709, reads in part:

"(a) An appeal may be taken from any judgment under the small claims procedure act. All appeals shall be by notice of appeal specifying the party or parties taking the appeal and the order, ruling, decision or judgment complained of and shall be filed with the clerk of the district court within 10 days after entry of judgment. All appeals shall be tried and determined *de novo* before a district judge or associate district judge, other than the judge from which the appeal is taken. . . .

(b) Any order, ruling, decision or judgment rendered by a district judge or associate district judge on an appeal taken pursuant to subsection (a) may be appealed *in the manner provided in article 21 of chapter 60 of the Kansas Statutes Annotated.*" (Emphasis added.)

K.S.A. 60-2103 provides that an appeal shall be taken within 30 days of the entry of judgment. Simply stated the issue is whether actions brought under the Small Claims Procedure Act are afforded the longer appeal time provided in article 21 of chapter 60 while appeals in other limited action cases are required to be filed within the shorter time set forth in 61-2102.

This court has recognized on numerous occasions that the right to an appeal in this state is neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases, or in any manner, or it may be withdrawn completely. *In re K-Mart Corp.,* 232 Kan. 387, Syl. ¶ 2. The provisions of the pertinent statutes must be construed to determine which time limit set forth in those statutes for filing an appeal is applicable in the present case. In doing so we are mindful of the fundamental rule of statutory construction, to which all others are subordinate, that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. *Kansas State Board of Healing Arts v. Dickerson,* 229 Kan. 627, 630, 629 P.2d 187 (1981); *In re Adoption of Trent,*

229 Kan. 224, 228, 624 P.2d 433 (1981). The historical background and changes made in a statute are to be considered by the court in determining the legislative intent, and any changes and additions made in existing legislation raise a presumption that a change in meaning and effect was intended. *Moore v. City of Lawrence,* 232 Kan. 353, Syl. ¶ 6, 654 P.2d 445 (1982). In order to ascertain the legislative intent, courts are not permitted to consider only an isolated part or parts of an act but are required to consider and construe together all parts thereof in pari materia. *Board of Education of U.S.D. 512 v. Vic Regnier Builders, Inc.,* 231 Kan. 731, 736, 648 P.2d 1143 (1982). When a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Randall v. Seemann,* 228 Kan. 395, Syl. ¶ 1, 613 P.2d 1376 (1980); *Lakeview Gardens, Inc. v. State, ex rel. Schneider,* 221 Kan. 211, Syl. ¶ 2, 557 P.2d 1286 (1976).

Prior to its amendment, K.S.A. 61-2709 provided that an appeal could be taken from a judgment under the Small Claims Procedure Act "in the manner prescribed by the code of civil procedure for limited actions." The statute was amended in 1977 to overcome constitutional infirmities created by the unification of the district courts in 1976 where no provision existed for a hearing de novo in small claims proceedings in which the parties could be represented by counsel. See Heinemann, *Legislation 1977,* 46 J.K.B.A. 69, 90 (1977). The statute now provides a two-step appeal process in small claims actions. A judgment rendered in a small claims proceeding may first be appealed within ten days for a trial de novo before a different district judge or associate district judge. Under K.S.A. 1982 Supp. 61-2709(*b*) an appeal may then be taken to the appellate courts "in the manner provided in article 21 of chapter 60" from the judgment entered in the de novo adjudication.

The statute is couched in terms familiar to all lawyers and judges in this state and is not ambiguous. It is a fundamental principle of statutory construction that words in common usage are to be given their natural and ordinary meaning in arriving at the proper construction of a statute. *Stephens v. Van Arsdale,* 227 Kan. 676, 684, 608 P.2d 972 (1980); *Lakeview Gardens, Inc. v. State, ex rel. Schneider,* 221 Kan. at 214. It has generally been recognized that the phrase "in the same manner" has a well-un-

derstood meaning in legislation and that meaning is not one of restriction or limitation, but of procedure. It means by similar proceedings, so far as such proceedings are appliable to the subject matter. See *Terry v. Ferreria,* 51 So. 2d 426, 427 (Fla. 1951); *La Monica v. Krauss,* 191 Misc. 589, 590, 76 N.Y.S. 2d 520 (1948); *Belakjon v. Hilstad,* 76 N.D. 298, 309, 35 N.W.2d 637 (1949); *Commonwealth v. Hildebrand,* 139 Pa. Super. 304, 307, 11 A.2d 688 (1940). The phrase "in the same manner" has been interpreted by other courts to include the element of time as well as other procedures required for effectuating an appeal or other statutorily prescribed acts. See *Brownfield v. Social Security Comm. of Missouri,* 236 Mo. App. 333, 335, 155 S.W.2d 905 (1941); *Wykoff et al. v. W. H. Wheeler & Co. et al.,* 40 Okla. 559, 563, 139 Pac. 319 (1914).

The statute is not rendered ambiguous by the mere fact 61-2102 provides a shorter appeal time applicable to other limited action proceedings. K.S.A. 61-2702 provides:

"This act shall apply to *and be an alternative procedure* for the processing of small claims pursuant to the code of civil procedure for limited actions, and the provisions of this act shall be part of and supplemental to the code of civil procedure for limited actions . . . *Except as otherwise specifically provided or where a different or contrary provision is included in this act,* the code of civil procedure for limited actions shall be applicable to the processing of small claims and judgments under this act." (Emphasis added.)

It is a cardinal rule of law that statutes complete in themselves, relating to a specific thing, take precedence over general statutes or over other statutes which deal only incidentally with the same question or which might be construed to relate to it. Where there is a conflict between a statute dealing generally with a subject, and another dealing specifically with a certain phase of it, the specific legislation controls. *Chelsea Plaza Homes, Inc. v. Moore,* 226 Kan. 430, 432, 601 P.2d 1100 (1979). Also, where there is a conflict between the provisions of two or more statutory sections, the latest legislative expression controls. *Farmers State Bank & Trust Co. of Hays v. City of Yates Center,* 229 Kan. 330, 338, 624 P.2d 971 (1981).

Applying the aforementioned principles of statutory construction, the only reasonable conclusion which can be reached is that the statute means what it plainly says; that is, that the 30-day time limit for filing appeals set forth in 60-2103 applies to appeals taken from the judgment of a district judge or associate

district judge entered in de novo adjudications in small claims proceedings pursuant to 61-2709(a). While K.S.A. 61-2102 provides the general procedure for appeal applicable in limited action proceedings, 61-2709 sets forth the appeal procedure applicable to a specific group of limited actions — those cases filed under the Small Claims Procedure Act. The method for taking an appeal from a judgment under the Act was changed from "in the manner prescribed by the code of civil procedure for limited actions" to "in the manner provided in article 21 of chapter 60" by the 1977 amendment of 61-2709. It is presumed the legislature intends to change the law when it amends the provisions of a statute. *Moore v. City of Lawrence,* 232 Kan. 353, Syl. ¶ 7. There is nothing in the statute to indicate "in the same manner" is not to be accorded its commonly understood meaning and interpreted as including the time requirement for filing an appeal prescribed by 60-2103. It is presumed the legislature acted with full knowledge and information as to the subject matter of the statute, as to prior and existing legislation on the subject of the statute, and as to judicial decisions with respect to prior and existing law. *Rogers v. Shanahan,* 221 Kan. 221, 225, 565 P.2d 1384 (1976). While we are aware the purpose of the Act as expressed in K.S.A. 61-2712 is to provide a forum for the speedy trial of small claims, we are satisfied the legislature intended that the 30-day time limit for filing an appeal set forth in 60-2103 applies to an appeal from a decision of a district judge or associate district judge entered in a de novo adjudication pursuant to 61-2709(a) in a small claims proceeding.

The appellee further contends the appeal should be dismissed for the appellant's failure to comply with Supreme Court Rule 3.05 (230 Kan. l-li). A stipulation concerning the designation of the contents of the record and the issue to be determined on appeal, signed by both parties and Judge Gradert, was filed with the Clerk of the Appellate Courts on April 27, 1982. This stipulation designated four documents to be included in the record on appeal, one of which, an "[o]rder dated August 6, 1981, with regard to the request for attorneys fees," was not filed with the record. On September 14, 1982, the appellant was ordered by the Court of Appeals to show cause why the appeal should not be dismissed pursuant to Rule 5.05 (230 Kan. liv), "because of appellant's substantial failure to comply with the rules of the

court, and in particular Rule 3.05 governing the time in which to file an agreed statement of fact, and Rule No. 6.01 [230 Kan. liv] governing the time for filing appellant's brief." The appellant responded that numerous unsuccessful attempts had been made to have Judge Gradert sign the order concerning attorney fees, and requested that the appeal be considered based upon the record available to the court. The appellant was directed to file a brief by November 8, 1982, or the appeal would be dismissed. The appellant's brief was filed on November 5, 1982. The appellee contends the court lacks jurisdiction over the appeal because of the appellant's failure to file the stipulation and the contents of the record designated therein within twenty days of filing the appeal as required by Rule 3.05.

It has been recognized that the procedural requirements of the rules may be waived and are not jurisdictional. See *Chetopa State Bancshares, Inc. v. Fox,* 6 Kan. App. 2d 326, 334, 628 P.2d 249, *rev. denied* 229 Kan. 669 (1981). An appellee's remedy after an appeal is docketed is a motion in the appellate court to dismiss under Rule 5.05 for substantial failure to comply with the rules. Such a motion is addressed to the sound discretion of the appellate court. *Carson v. Eberth,* 3 Kan. App. 2d 183, 185, 592 P.2d 113 (1979). Here the Court of Appeals, on its own motion, ordered the appellant pursuant to Rule 5.05 to show cause why the appeal should not be dismissed for substantial failure to comply with the rules. The appellant indicated his reasons for noncompliance and the court allowed the appeal to continue. There has been no showing by the appellee that her rights were prejudiced thereby, and we see no reason to overturn the judgment of the Court of Appeals on this question.

Addressing the merits of this appeal, the appellant (tenant) contends the trial court erred in failing to award him attorney fees as provided by K.S.A. 1982 Supp. 61-2709 in the appeal taken by the appellee (landlord) from the judgment entered against her in the small claims proceeding. K.S.A. 1982 Supp. 61-2709(*a*) provides in part:

"If the appellee is successful on an appeal pursuant to this subsection, the court *shall* award to the appellee, as part of the costs, reasonable attorneys' fees incurred by the appellee on appeal." (Emphasis added.)

When amended in 1977 the statute provided that the court "may" award attorney fees incurred by the appellee. In 1979 the

statute was amended to provide that the court "shall" award attorney fees on an appeal taken pursuant to 61-2709(*a*). It has been recognized that the mandatory "shall" is not a hard and fast identifying mark which can forestall the mandatory or directory character to be assigned to any statutory provision (*City of Kansas City v. Board of County Commissioners*, 213 Kan. 777, 783, 518 P.2d 403 [1974]), and "shall" in a statute is frequently read to mean "may" where the context requires. *Paul v. City of Manhattan*, 212 Kan. 381, 385, 511 P.2d 244 (1973). However, the obvious intent of the legislature in specifically changing the wording of the statute from the permissive "may" to the mandatory "shall" cannot be overlooked. In appeals taken pursuant to K.S.A. 1982 Supp. 61-2709(*a*) the trial court *is required* to award the successful appellee reasonable attorney fees incurred in the appeal.

The appellee contends the appellant was not "successful" on appeal because his judgment of $150 awarded in the small claims proceeding was modified to $124.02 by Judge Gradert. The definition of "successful party" as it applies to an award of attorney fees pursuant to 61-2709 was discussed in *Schuh v. Educational Reading Services of Kansas*, 6 Kan. App. 2d 100, 101, 626 P.2d 1219 (1981):

"The term 'successful party' has been held to be synonymous with 'prevailing party.' *Beneficial Standard Properties, Inc. v. Sharps*, 136 Cal. Rptr. 549, 67 Cal. App. 3d 227 (1977). The term 'prevailing party' is defined in Black's Law Dictionary 1069 (5th ed. 1979) as:

" 'The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered. (Citation omitted.) The party ultimately prevailing when the matter is finally set at rest.'

"With respect to the specific question of attorney fees, it has been stated a prevailing party is the person who has an affirmative judgment rendered in his favor at the conclusion of the entire case."

There it was held that although the appeal was voluntarily dismissed by the appellant the appellee prevailed on appeal and was entitled to recover attorney fees pursuant to 61-2709.

The appellee relies on two cases holding that where the amount awarded the plaintiff was reduced on an appeal taken by the defendant, the plaintiff was not the "successful party" and was not entitled to recover attorney fees. See *Garrison v. Trotter*, 114 Tenn. 526, 86 S.W. 1078 (1905); *Trempealeau County v.*

*Marsh,* 252 Wis. 278, 31 N.W.2d 519 (1948). However, it has generally been held that where a setoff or counterclaim has been filed the party in whose favor a final judgment is rendered will be entitled to costs. In other words, the plaintiff is entitled to costs if he has a judgment in an amount in excess of the setoff or counterclaim allowed, even though the defendant prevailed to a certain extent on the counterclaim. See 20 C.J.S., Costs § 12; *Schuh v. Educational Reading Services of Kansas,* 6 Kan. App. 2d at 101, and cases cited therein. See also 20 Am. Jur. 2d, Costs §§ 15, 16.

A number of cases have held that where a plaintiff is substantially successful in his cause of action he is the successful party, although the plaintiff's judgment may have been reduced by an amount awarded the defendant on a counterclaim or on appeal. A situation similar to that presented here was involved in *Nesbitt v. District Court,* 119 Mont. 198, 173 P.2d 412 (1946). There the plaintiff's judgment was modified slightly on appeal because the verdict was considered by the court to be excessive. The trial court awarded attorney fees to the defendant as the successful party on appeal. The court reversed, stating:

"The only apparent basis upon which such order could be supported is that the appellant was the successful party to the appeal. We do not think that such is the case. The appellant was not successful in having the judgment of the trial court reversed or set aside on any of the several specifications of error involving legal questions presented. The judgment was upheld in all respects except that this court found that it was excessive in a small amount which was not supported by the evidence. It is true that as a result of the decision of this court the judgment was reduced in an unsubstantial amount, but this is not to say that such reduction constituted the appellant the successful party on the appeal. By the express terms of the decision, the judgment, as modified, was affirmed. We think that is plain that the respondents were the successful parties on the appeal, and that therefore they are entitled to their costs. It follows that the trial court was in error in awarding costs on appeal to the appellant." 119 Mont. at 200-01.

Other cases involving counterclaims have held that a party is "successful" if he obtains a judgment for an amount in excess of the setoff or counterclaim allowed. In *Moss Construction Co. v. Wulffsohn,* 116 Cal. App. 203, 205, 253 P.2d 483 (1953), the court reasoned:

"Under the pleadings and findings the award to plaintiff makes it the victor in the contest. Defendants denied owing any sum whatever to plaintiff and sought by way of counterclaim to recover certain damages. Hence, by all rules of logic when at the conclusion of the trial it was determined that plaintiff was entitled to

$2,654.29 after allowing defendants a partial offset, it became necessarily the 'successful party' within the meaning of that term as used in the contract.

"Not only do logic and reason dictate such a conclusion, but analogous authority points to the same result. It is well established that generally there can be only one final judgment in an action and although a cross-complaint has been filed and matters therein stated are put to issue it is not such a pleading that requires, or permits the rendition of two separate judgments. (*Nicholson v. Henderson,* 25 Cal. 2d 375, 381 [153 P.2d 945]; *Sjoberg v. Hastorf,* 33 Cal. 2d 116, 118 [199 P.2d 668].) Hence, there could have been only one judgment entered herein and that was and is the net judgment rendered in favor of plaintiff. Where such is the case it has uniformly been held that the party awarded the *net* judgment is the prevailing litigant and thus the *successful party.* (*Dobbins v. Horsfall,* 58 Cal. App. 2d 23, 27 [136 P.2d 35]; *Shelley v. Hart,* 112 Cal. App. 231, 243 [297 P. 82].) It follows that since defendants were neither 'successful' nor 'awarded judgment' the allowance to them of attorney's fees was erroneous and that counsel fees and costs should have been awarded to plaintiff pursuant to the terms of the contract."

See also *Ocean West Contractors v. Halec Const. Co.,* 123 Ariz. 470, 600 P.2d 1102 (1979); *Trollope v. Koerner,* 21 Ariz. App. 43, 515 P.2d 340 (1973); *Food Pantry v. Waikiki Business Plaza, Inc.,* 58 Hawaii 606, 575 P.2d 869 (1978).

The general rule discussed by the foregoing authorities and cases is the better reasoned rule and should be applied in the present case. Viewing the case in its entirety, it is without doubt the appellant (tenant) was the successful party. The appellee (landlord) was denied recovery in any form on her counterclaim for damages. The appellant's judgment was expressly affirmed, but was reduced by a small amount for three additional days of rent owed. The appellant prevailed on the main issue presented and therefore was the successful party.

The appellee's claim that no request was made by the appellant for attorney fees is not supported by the record before this court. In his answer to the appellee's counterclaim the appellant specifically prayed for attorney fees. In addition, the docket sheet from the district court reflects that a letter was sent to Judge Gradert by the appellant's counsel with a statement of attorney fees attached the day the notice of appeal was filed with the district court. It also appears there was some discussion between the parties and Judge Gradert concerning a proposed order regarding the issue of attorney fees which was designated as part of the record in the stipulation filed by the parties. While this order is not before this court because it apparently was never signed by Judge Gradert, a request for attorney fees was made by

the appellant in the pleadings and in post-trial communications between the parties and the court which are documented in the record. The trial court's reasoning·in failing to award attorney fees to the appellant is not material or necessary to a determination of this issue. K.S.A. 1982 Supp. 61-2709 makes it mandatory on the trial court to award reasonable attorney fees incurred by a successful appellee in an appeal taken pursuant to 61-2709(a). The appellant was the successful appellee in that appeal and is entitled to an award of attorney fees as part of the costs of the action.

The judgment of the lower court is reversed in part and remanded with directions to enter judgment in accordance with this opinion awarding attorney fees.