(842 P.2d 317)

No. 67,715

C. W. BEAMGARD CO., INC., *Appellant,* v. DENNIS LUEDKE, *Appellee.*

Opinion filed November 25, 1992.

*Robert A. Creighton,* of Brown, Creighton & Peckham, of Atwood, for appellant.

*Steven W. Hirsch,* of Morgan & Hirsch, of Oberlin, for appellee.

Before BRAZIL, P.J., PIERRON, J., and STEVEN R. BECKER, District Judge, assigned.

BRAZIL, J.: C. W. Beamgard Co., Inc., (Beamgard) appeals a district court decision denying it attorney fees. In an appeal from a small claims court decision, the district court reduced Beamgard's judgment against Dennis Luedke from $969.73 to $387.29. Beamgard contends it is a successful appellee in the appeal from the small claims court to the district court and therefore should be awarded reasonable attorney fees.

Beamgard, a car dealership, received a $969.73 ($934.73 plus $35 costs) judgment for car repairs against Luedke in a case tried in small claims court. Luedke appealed to the district court, filed a $1,400 counterclaim against Beamgard, and asked the district court to release Beamgard's mechanic's lien on Luedke's automobile.

The court sustained Beamgard's motion for a directed verdict on Luedke's $1,400 counterclaim and ordered the following: (a) extinguishment of Beamgard's $557.84 mechanic's lien on Luedke's automobile; (b) judgment for Beamgard against Luedke in the sum of $387.29; and (c) each party is to pay its own attorney fees and half of the court costs. Although the district court ordered judgment in favor of Beamgard for $387.29, the district court did not award it a "successful appellee" attorney fee mandated by K.S.A. 1991 Supp. 61-2709(a).

In ruling on Beamgard's motion for reconsideration, the district court found that the legislative intent of K.S.A. 1991 Supp. 61-2709 was to award attorney fees in appeals that were meritless or of a harassing nature. The court specifically found that Luedke's appeal was not harassing or meritless and that Luedke had a legitimate grievance about the way his car was fixed and how many dollars had been credited to his account.

Regardless of legislative intent, the controlling issue on appeal is whether Beamgard is a successful appellee within the meaning of K.S.A. 1991 Supp. 61-2709(a), which states in relevant part:

"An appeal may be taken from any judgment under the small claims procedure act. . . . All appeals shall be tried and determined *de novo* before a district judge, other than the judge from which the appeal is taken. . . . If the appellee is successful on an appeal pursuant to this subsection, the court shall award to the appellee, as part of the costs, reasonable attorney fees incurred by the appellee on appeal."

In *Schuh v. Educational Reading Services of Kansas,* 6 Kan. App. 2d 100, 101, 626 P.2d 1219 (1981), the court held:

"The term 'successful party' has been held to be synonymous with 'prevailing party.' [Citation omitted.] The term 'prevailing party' is defined in Black's Law Dictionary 1069 (5th ed. 1979) as:

'The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered. (Citations omitted.) The party ultimately prevailing when the matter is finally set at rest.'

"With respect to the specific question of attorney fees, it has been stated a prevailing party is the person who has an affirmative judgment rendered in his favor at the conclusion of the entire case."

The *Schuh* case was later cited by the Supreme Court when it, too, was considering what constituted a successful party in an

appeal from a small claims judgment. *Szoboszlay v. Glessner,* 233 Kan. 475, 482-84, 664 P.2d 1327 (1983). In that case, tenant Szoboszlay obtained a $150 judgment against landlady Glessner in a small claims action. Glessner appealed and filed a counterclaim for damages in the amount of $1,140. The district court denied the counterclaim and affirmed the judgment for Szoboszlay but reduced it by $25.98 due to rent for three additional days owed to Glessner. It denied attorney fees pursuant to the small claims statute. After discussing a number of authorities from other jurisdictions, the Supreme Court adopted the general rule that a party is successful when he is *"substantially* successful in his cause of action" although the judgment may have been reduced by an amount awarded the defendant on a counterclaim or on appeal. (Emphasis added.) 233 Kan. at 483. The court found that Szoboszlay was a substantially successful party on the appeal to the district court and that he was entitled to attorney fees.

In the present case, the district court reduced Beamgard's judgment from $934.73 to $387.29, granted Beamgard's directed verdict on Luedke's counterclaim, extinguished Beamgard's mechanic's lien on Luedke's car, and ordered each party to pay its own attorney fees and one-half of the costs. When compared to the district court's modified judgment in *Szoboszlay,* we cannot conclude that Beamgard's judgment in the de novo trial was substantially the same as the judgment in the original small claims action. Consequently, following the general rule adopted in *Szoboszlay,* we conclude that Beamgard was not substantially successful in its cause of action and is not entitled to attorney fees pursuant to K.S.A. 1991 Supp. 61-2709(a).

The other issues need not be addressed in view of our decision on the controlling issue.

Affirmed.