Charles E. Simmons Chief Legal Counsel Department of Corrections Landon State Office Bldg., Suite 400-N Topeka, Kansas 66612-1284
Dear Mr. Simmons:
As chief legal counsel for the Kansas department of corrections you request our opinion regarding the appropriate facility for confinement of a person convicted of a third or subsequent offense of driving under the influence of alcohol or drugs (DUI). Your question arises in light of a 1993 amendment to the sentencing portion of the Kansas DUI law, K.S.A. 1993 Supp. 8-1567. L. 1993, ch. 259, sec. 8(f) amended K.S.A. 1992 Supp.8-1567 as follows:
 "On the third or subsequent conviction of a violation of this section, a person shall be guilty of a severity level 9, nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,000 nor more than $2,500. Except as provided in subsection (g) [house arrest program after 48 consecutive hours imprisonment], the person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment. . . ." (1993 amendment underlined.)
As you point out, the statute is silent regarding whether the mandatory imprisonment is to be served in a county jail or in a department of corrections prison. Despite provisions in the sentencing guidelines, K.S.A. 1993 Supp. 21-4702 et seq., which appear to conflict with the DUI sentencing provision for third and subsequent offenses, for reasons set forth below it is our opinion that prison is the appropriate confinement facility. L. 1993, ch. 259, sec. 8 also classified a first DUI conviction as a "class B, nonperson misdemeanor" and a second conviction as a "class A, nonperson misdemeanor." Pursuant to K.S.A. 1993 Supp. 21-4502, misdemeanors are punishable specifically by confinement in the county jail. The use of the contrasting word "felony" in relation to a third and subsequent DUI indicates that for sentencing purposes the legislature intended to make a distinction between first and second DUI convictions on the one hand and third and subsequent DUI convicitons on the other hand. The use of the word "felony" is not considered meaningless or superfluous. Changes and additions made in existing legislation raises a presumption that a change in meaning and effect was intended. Szoboszlayv. Glessner, 233 Kan. 475 (1984). Our task is to discern the implication of that distinction beyond the increased number of days of confinement.
The dilemma created by use of the term "severity level 9, nonperson felony" in third and subsequent DUI convictions arises in relation to the authorized disposition statutes and the the Kansas sentencing guidelines.
The authorized disposition statutes (two versions were passed in 1993), applicable to crimes committed after July 1, 1993, provide as follows:
 "(a) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:
 (1) Commit the defendant to the custody of the secretary of corrections if the current crime of conviction is a felony and the criminal history score falls within a presumptive incarceration category or through a departure for substantial and compelling reasons or, if confinement is for a misdemeanor, to jail for the term provided by law;" K.S.A. 1993 Supp. 21-4603. (Emphasis added.)
and:
 "(a) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:
 (1) Commit the defendant to the custody of the secretary of corrections if the current crime of conviction is a felony and the sentence presumes imprisonment, or the sentence imposed is a dispositional departure; or, if confinement is for a misdemeanor, to jail for the term provided by law;" K.S.A. 1993 Supp. 21-4603e. (Emphasis added.)
A significant difference appears in the authorized disposition statute applicable to non-sentencing guideline crimes, i.e. those crimes committed prior to July 1, 1993:
 "(b) Except as provided in subsection (c), whenever any person has been found guilty of a crime, the court may adjudge any of the following:
 (1) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law."
For crimes commited prior to July 1, 1993, a person may be commited to prison only if the sentence is for more than one year; such limitation does not explicitly appear in the authorized disposition statutes for crimes commited after July 1, 1993.
Within the sentencing guidelines, K.S.A. 1993 Supp. 21-4704(f) explains the sentencing grid (see below) for nondrug crimes:
 "Each grid block states the presumptive sentencing range for an offender whose crime of conviction and criminal history place such offender in that grid block. If an offense is classified in a grid block below the dispositional line, the presumptive disposition shall be nonimprisonment. If an offense is classified in a grid block above the dispositional line, the presumptive disposition shall be imprisonment."
The "dispositional line" is the solid black line on the sentencing guidelines grid which separates the grid blocks in which the presumptive sentence is a term of imprisonment and postrelease supervision from the grid blocks in which the presumptive sentence is nonimprisonment. K.S.A. 1993 Supp. 21-4703(i). As the sentencing grid makes clear, for a severity level 9, nonperson felony, such as a third or subsequent DUI conviction, the presumptive dispostion for most cases is nonimprisonment (criminal history categories C through I). For those persons who would fall in a presumptive disposition of imprisonment (criminal history categories A and B), the sentence range of 13 to 17 months is beyond that authorized for a third and subsequent DUI conviction. K.S.A. 1993 Supp.8-1567.
Taking into account only the authorized disposition statutes and the sentencing guidelines, in most cases the presumptive disposition for a third and subsequent DUI conviction (severity level 9, nonperson felony) would be nonimprisonment. In some cases the presumptive disposition would be a sentence beyond that authortized by the DUI statute. Taking into account only the DUI statute for third and subsequent convictions, the sentencing disposition is a mandatory term of imprisonment of between 90 days and one year.
We work our way out of this statutory conflict with guidance from Statev. Harpool, 246 Kan. 226 (1990). There the trial court sentenced the defendant to 180 days in the county jail upon a third conviction for driving with a suspended license, a class E felony. The state appealed. The dilemma arose in light of the following statutory conflict:
 "The sentencing judge pro tem acknowledged that K.S.A. 1989 Supp. 8-262(a)(1) states that a person with a third or subsequent conviction under the statute is guilty of a Class E felony. The court also observed that if sentence were imposed under K.S.A. 21-4501(e) the presumptive sentencing statute, K.S.A. 1989 Supp. 21-4606a, would apply. That statute fixes the presumptive sentence for a defendant who has never before been convicted of a felony at probation. That would presumably require probation on the entire sentence, in clear contradiction of the intent of 8-262(a)(3) to require incarceration of at least five days for a second or subsequent convictions." 246 Kan. at 227.
In resolving the issue the court first iterated basic rules of statutory construction:
 "A court's paramount concern in statutory construction is to give effect to the intent of the legislature. Legislative intent is to be determined from a general consideration of all provisions as a whole. We must attempt to reconcile different provisions of the statutes to make the whole consistent and sensible. Where such reconciliation is not possible, a specific statute controls over a general statute, unless it appears the legislature intends otherwise." (Citations omitted) 246 Kan. at 228.
Applying those rules the court concluded:
 "A court normally is not required to impose a sentence of imprisonment; under K.S.A. 1989 Supp. 21-4603, it may instead impose a fine, assign the defendant to a community correctional services program, release the defendant on probation, suspend the imposition of sentence, or impose any other combination of punishments listed in 21-4603(2). See State v. Keeley, 236 Kan. at 559. A court is, however, required to impose a sentence of imprisonment when the violated statute itself prescribes such a sentence.
. . .
 "K.S.A. 1989 Supp. 8-262(a)(3), being a specific statute which requires short-term imprisonment before parole, controls over the presumptive sentence statute, K.S.A. 1989 Supp. 21-4606a, a statute of general application." 246 Kan. at 229.
Application of the authorized disposition statutes and the sentencing guidelines to a third or subsequent DUI conviction would, in most instances, require nonimprisonment in clear contradiction of the intent of K.S.A. 1993 Supp. 8-1567(f) which requires incarceration for at least 90 days. Following the rationale of Harpool, it therefore is our opinion that K.S.A. 1993 Supp. 8-1567(f), the specific DUI statute which requires a minimum of 90 days imprisonment before release on probation, suspension or reduction of sentence or parole controls over the presumptive disposition for a severity level 9 nonperson felony pursuant to the sentencing guidlines.
In effect we have reached the conclusion that a third or subsequent DUI conviction is a "non-grid" felony. As a matter of law in Kansas, a felony is a crime punishable by death or imprisonment in a state penal institution. K.S.A. 21-3105, and State v. Kershner, 15 Kan. App. 2d 17
(1990). Accordingly a third or subsequent DUI conviction is punishable by imprisonment in a state penal institution for a minimum of 90 days.See also K.S.A. 1993 Supp. 21-4703(n) ("Imprisonment" means imprisonment in a facility operated by the Kansas department of corrections.) and (s) ("Prison" means a facility operated by the Kansas department of corrections).
You also inquire whether a facility under the control of the secretary of corrections falls within the definition of "imprisonment" found within the DUI statute, K.S.A. 1993 Supp. 8-1567(q)(2):
 "`Imprisonment' shall include any restrained environment in which the court and law enforcement agency intend to retain custody and control of a defendant and such environment has been approved by the board of county commissioners or the governing body of a city." (Emphasis added.)
This definition is framed in terms of the type of restrained environment which may be considered imprisonment, as if the statute read "`Imprisonment' shall include but is not limited to any restrained environment . . ." In addition, in light of the language of the definition (i.e. approved by the board of county commissioners or the governing body of a city) and of the conclusion reached herein, the type of restrained environment contemplated by the definition would be applicable only to a first or second DUI conviction. A third or subsequent DUI conviction would result in imprisonment in a facility operated by the Kansas department of corrections outside the jurisdictional reach of a board of county commissioners or a governing body of a city. We conclude that a facility under control of the secretary of corrections is considered "imprisonment" although such is not a restrained environment in which the court and law enforcement agency intend to retain custody and control of a defendant as approved by the board of county commissioners or the governing body of a city. See also Attorney General Opinion No. 93-94 regarding the meaning of the term "imprisonment."
In addition, in relation to a third or subsequent DUI conviction, you pose the following question: If a court issues an order granting probation after 90 days imprisonment, is the period of imprisonment a condition of probation? If so, may this time be served in a county jail?
Technically speaking, in granting some type of conditional release after 90 days imprisonment for a third or subsequent DUI conviction, the court has issued an order of parole not an order of probation or suspension of sentence.
Suspension of sentence involves release by the court without imposition of sentence. K.S.A. 1993 Supp. 21-4602(b). In felony cases, except for DUI felonies, the suspension of sentence may include up to 30 days confinement in a county jail. K.S.A. 1993 Supp. 21-4610(c)(13).
Probation involves release by the court after imposition of sentence, but without imprisonment. K.S.A. 1993 Supp. 21-4602(c). In felony cases, except for DUI felonies, the court may impose 30 days confinement in a county jail as a condition of probation. K.S.A. 1993 Supp. 21-4610(c)(13).
Parole involves imposition of sentence, imprisonment and release prior to the expiration of a prisoner's term of incarceration. K.S.A. 1993 Supp. 21-4602(d). The term "parole" as statutorily defined is consistent with the its use in K.S.A. 1993 Supp. 8-1567(f): "the court may also require as a condition of parole that such person enter into and complete a treatment program for alcohol and drug abuse as provided by K.S.A.8-1008, and amendments thereto."
Returning now to your final question, if a court issues an order granting "probation" after 90 days imprisonment for a third or subsequent DUI conviction, in our opinion the court has actually issued an order granting parole. Consequently, the period of imprisonment is not a condition of "probation." Pursuant to K.S.A. 1993 Supp. 21-4610(c)(13) a court is explicitly precluded from imposing time in the county jail as a condition of probation, suspension of sentence or assignment to a community correctional service program in DUI cases. Presumably such is the case because of the mandatory sentencing provisions of K.S.A. 1993 Supp. 8-1567.
In conclusion, a third or subsequent conviction for driving under the influence of alcohol or drugs is a non-grid felony which is punishable by imprisonment in a state penal institution for a minimun of 90 days. Confinement in a facility under the control of the secretary of corrections is considered "imprisonment" although such is not a restrained environment in which the court and law enforcement agency intend to retain custody and control of a defendant as approved by the board of county commissioners or the governing body of a city. If a court issues an order granting "probation" after 90 days imprisonment for a third or subsequent conviction for driving under the influence of alcohol or drugs, the court has actually issued an order granting parole; consequently the period of imprisonment is not a condition of probation.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas