(842 P.2d 319)

No. 67,835

DILLON'S FOOD STORES, INC. *Appellant*, v. ELIZABETH BROSSEAU, *Appellee*.

Opinion filed November 25, 1992.

*Andrea Rolfingsmeier*, of Austin & Rolfingsmeier, of Mission, for the appellant.

No appearance for the appellee.

Before BRISCOE, C.J., JAMES J. SMITH, District Judge, assigned, and E. NEWTON VICKERS, District Judge Retired, assigned.

BRISCOE, C.J.: Dillon's Food Stores, Inc., appeals the district court's refusal to award treble damages in a civil action seeking recovery for worthless checks drawn on the account of Elizabeth Brosseau. We conclude the court erred and remand with directions to enter judgment against Brosseau to include an award of treble damages.

Brosseau wrote six worthless checks, each in the amount of $100, to Dillon's during a 10-day period in November and December 1989. Dillon's filed this action to recover the $600 face amount of the checks plus other relief available under K.S.A.

1991 Supp. 60-2610. Pursuant to 60-2610(a)(1), Dillon's requested damages totaling $1,800, an amount equal to three times the total of the checks. In addition, Dillon's requested prejudgment interest, attorney fees, court costs, and the costs of collection.

Brosseau failed to appear at the scheduled hearing on Dillon's claim. The court awarded judgment to Dillon's against Brosseau for $770. The judgment included $600 for the checks, $20 for attorney fees, and $150 for collection costs. By its ruling, the court ruled in favor of Dillon's on all of its claims except for the treble damages claim. According to Dillon's, the court refused to award treble damages because the court presumed Brosseau's actions were the result of financial hardship.

K.S.A. 1991 Supp. 60-2610, the statute imposing civil liability for worthless checks, provides in part:

"(a) If a person gives a worthless check, as defined by subsection (g), the person shall be liable to the holder of the check for the amount of the check, the incurred court costs and the service charge and the costs of collection, including but not limited to reasonable attorney fees, plus an amount equal to the greater of the following:

(1) Damages equal to three times the amount of the check but not exceeding the amount of the check by more than $500; or

(2) $100.

The court may waive attorney fees provided for by this subsection, if the court finds that the damages and other amounts awarded are sufficient to adequately compensate the holder of the check.

"(b) The amounts specified by subsection (a) shall be recoverable in a civil action brought by or on behalf of the holder of the check only if: (1) Not less than 14 days before filing the action, the holder of the check made written demand on the maker or drawer for payment of the amount of the check and the incurred service charge; and (2) the maker or drawer failed to tender to the holder, prior to the filing of the action, an amount not less than the amount demanded. . . .

. . . .

"(d) If the trier of fact determines that the failure of the defendant to satisfy the dishonored check was due to economic hardship, the court may waive all or part of the damages provided for by this section, but the court shall render judgment against defendant for not less than the amount of the dishonored check, the incurred court costs, service charge and the costs of collection, including but not limited to reasonable attorney fees, unless otherwise provided in this subsection. The court may waive attorney fees provided for by this subsection, if the court finds that the damages and other amounts awarded are sufficient to adequately compensate the holder of the check."

When construing statutes, courts should give words in common usage their ordinary meaning. *Bank IV Wichita v. Plein*, 250 Kan. 701, 705-06, 830 P.2d 29 (1992). The use of "shall" in a statute may be read to mean "may" where the context of the statute requires. *Szoboszlay v. Glessner*, 233 Kan. 475, 482, 664 P.2d 1327 (1983). In 60-2610(a), however, the use of "shall" indicates that courts are *required* to award treble damages to holders of worthless checks who have made a written demand for payment. This conclusion is particularly persuasive given the legislature's use of "may" in the last paragraph of subsection (a). A presumption exists that the legislature understood the meaning of the words it used and intended to use them, that the legislature used the words in their ordinary and common meaning, and that the legislature intended a different meaning when it used different language in the same connection in different parts of a statute. *Rogers v. Shanahan*, 221 Kan. 221, 223-24, 565 P.2d 1384 (1976).

Although as a general rule the award of treble damages is mandatory under 60-2610(a), there is one exception where courts are not required to award such damages. K.S.A. 1991 Supp. 60-2610(d) permits a trier of fact to waive the otherwise mandatory award of treble damages upon a finding that "the failure of the defendant to satisfy the dishonored check was due to economic hardship."

In this case, the journal entry does not explain the court's reasons for its decision to waive the treble damage award, as required by K.S.A. 60-252 and Rule 165 (1991 Kan. Ct. R. Annot. 126). The journal entry merely recites the parties' appearances and then enters judgment for stated amounts. Dillon's contends the court refused to award treble damages because it erroneously found that Brosseau failed to compensate Dillon's due to economic hardship. There is nothing in the record to support this contention other than the statement of proceedings prepared by Dillon's attorneys. Although this statement of proceedings was purportedly prepared pursuant to Rule 3.04 (1991 Kan. Ct. R. Annot. 16), there is no evidence it was served upon Brosseau or submitted to the district court for approval. This court cannot consider the statement prepared by Dillon's because it does not comply with Rule 3.04.

Even if Dillon's statement of proceedings was considered, there is no evidentiary support for the court's conclusion that failure to satisfy the dishonored checks was due to financial hardship. Brosseau wrote six worthless checks for identical amounts to the same merchant within a 10-day period. She failed to respond to written demand for payment and she did not appear at the hearing. Brosseau failed to provide any evidence that her writing of worthless checks was due to financial hardship. If one accepts the facts as set forth in Dillon's statement of proceedings, the district court's finding that financial hardship existed is not supported by substantial competent evidence. See *Gillespie v. Seymour*, 250 Kan. 123, Syl. ¶ 1, 823 P.2d 782 (1991). If we disregard Dillon's statement of proceedings, the record is insufficient to support a presumption that the district court found all facts necessary to support its decision to waive treble damages.

Reversed and remanded with directions to award Dillon's treble damages.