Larry K. King Chautauqua County Counselor 118 W. Main Sedan, Kansas 67361
Dear Mr. King:
As counselor for Chautauqua county, you request our opinion regarding the sufficiency of a petition. Specifically, you ask whether failure by circulators to file a petition authorized by K.S.A. 1994 Supp. 17-5908 in the office of the county attorney for an opinion regarding the legality of the form of the question set forth in the petition prior to circulation of the petition invalidates the petition.
K.S.A. 1994 Supp. 17-5908 authorizes submission of a protest petition requesting an election to determine whether a corporate swine production facility will be allowed to be established in a county. Such a petition must meet the requirements set forth in K.S.A. 25-3601 et seq., except as is otherwise specifically provided in K.S.A. 1994 Supp. 17-5908. K.S.A. 25-3601.
K.S.A. 25-3601 provides in part:
 "Before any petition other than a recall petition as described in K.S.A. 25-4301 et seq. and amendments thereto, requesting an election in any political or taxing subdivision of the state is circulated, a copy thereof containing the question to be submitted shall be filed in the office of the county attorney in the county or district attorney of the district in which all or the greater portion of the political or taxing subdivision is located for an opinion as to the legality of the form of such question. The county or district attorney shall within five calendar days following the receipt of such question furnish a written opinion as to the legality of the form of the question submitted. There shall be a rebuttable presumption that the form of any question approved by the county or district attorney complies with the requirements of this act."
It is a fundamental rule of statutory construction that when a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. State v. Schlein,253 Kan. 205, 219 (1993). When construing a statute a court must give words in common usage their natural and ordinary meaning.House v. American Family Mutual Ins. Co., 251 Kan. 419, 423
(1992). While use of the word "shall" in a statute may be read to mean "may" where the context of the statute requires, Szoboszlayv. Glessner, 233 Kan. 475, 482 (1983); Dillon's Food Stores, Inc.v. Brosseau, 17 Kan. App. 2d 657, 659 (1992), such interpretation is not appropriate regarding the requirement that prior to circulation a petition be filed in the office of the county or district attorney for an opinion regarding the legality of the form of the question. All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference to it. Early Detection Center, Inc. v. Wilson,248 Kan. 869, 874 (1991). It has consistently been determined that the provisions of K.S.A. 25-3601 et seq. are mandatory, and are not mere formalities that can be disregarded at will. Attorney General Opinions No. 92-136; 91-94; 90-71; 90-64; 86-51; 85-160; 84-41; 82-230; 81-230; 80-97; 79-290; 78-40; 77-303. The requirement that a petition be filed in the office of the county or district attorney for an opinion regarding the legality of the form of the question was added to the statute in 1992, subsequent to issuance of all but one of the opinions cited above. L. 1992, ch. 194, sec. 2. Through its placement of the provision and the use of similar language, the legislature has expressed its intention that the requirement that prior to circulation a petition be filed in the office of the county or district attorney for an opinion regarding the legality of the form of the question be mandatory.
In the scenario you present, electors drafted a petition pursuant to K.S.A. 1994 Supp. 17-5908 and filed the petition in the office of the county attorney as required under K.S.A. 25-3601. The county attorney issued an opinion approving the legality of the form of the question. The petition was then circulated. However, because the petition filed with the county election officer failed to meet the requirements of K.S.A. 25-3602, the petition was determined to be invalid.
Following this determination, the electors drafted a second petition, including within its terms a question identical to the question set forth in the first petition. The second petition was filed in the office of the county attorney on February 3, 1995, for an opinion regarding the legality of the form of the question. The opinion of the county attorney approving the legality of the form of the question was issued the same day. The second petition, however, appears to have been circulated prior to issuance of the opinion by the county attorney as a number of signatures on the petition are dated February 2, 1995. Because the requirement that a petition be filed in the office of the county or district attorney for an opinion regarding the legality of the form of the question is mandatory, those signatures collected prior to meeting this requirement are invalid. However, circulation prior to meeting the requirement does not invalidate the entire petition.
In Attorney General Opinion No. 78-290, the Attorney General reviewed the validity of a petition which contained forged signatures and a false verification by a circulator. It is stated in Attorney General Opinion No. 78-290:
 "[A] showing that the verification is indeed false as to one or more signatures appearing on a petition document does not justify rejection of all other signatures on that same petition document, as to which signatures the verification has not been impeached. A showing that the verification is false as to certain signatures does not affect the validity of other signatures. A protest petition is the sole device afforded under K.S.A. 71-501 for the electorate to oppose the tax in question. There are, of course, a number of technical requirements which each petition must satisfy. However, the expression of popular views through the petition mechanism should not be thwarted on artificial means. Many signatures on a given petition document may well be valid, notwithstanding that certain others are not. Those persons whose signatures are unquestioned should not be penalized and deprived of their voice through the petition process merely because they by chance happened to sign a petition document to which the circulator improperly added signatures which are invalid."
This analogy is applicable to the situation presented. K.S.A 1994 Supp. 17-5908 authorizes a protest petition, the sole device afforded the electorate to oppose the establishment of a swine production facility. A petition may consist of one or more documents. K.S.A. 25-3602. The documents comprising the petition contain a number of signatures placed upon the petition pursuant to statutory provisions. Those persons whose signatures are unquestioned should not be penalized and deprived of their voice through the petition process merely because they by chance happened to sign a petition a portion of which was circulated prior to meeting the requirement set forth in K.S.A. 25-3601. Therefore, those signatures added to the petition after the petition was filed in the office of the county or district attorney pursuant to K.S.A. 25-3601 are not invalidated even though documents comprising the petition were circulated prior to filing of the petition in the office of the county or district attorney.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm