No. 42,964

Louis W. Cates, Receiver for Dutch George Drilling, Inc., *Appellee*, v. Musgrove Petroleum Corporation, Inc., *Appellant*.

(376 P. 2d 819)

Opinion filed December 8, 1962.

*Laverne Morin*, of Wichita, argued the cause, and *George B. Collins, Oliver H. Hughes, Robert Martin, Kenneth W. Pringle, Jr., William F. Schell* and *Thomas M. Burns*, all of Wichita, were with him on the briefs for the appellant.

*Lyndon Gamelson*, of Wichita, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This action was instituted by plaintiff (appellee) Louis W. Cates, receiver for the insolvent company, Dutch George Drilling, Inc., to recover, under the terms of a written contract dated July 11, 1956, between Dutch George, Inc. and the defendant (appellant), Musgrove Petroleum Corporation, Inc., the total sum for services performed in the drilling of a test well for oil and gas. The trial court entered judgment for the plaintiff for $12,562.22, plus interest, and from an order overruling its motion for a new trial, defendant has appealed. The pertinent facts follow.

It was admitted by the parties that prior to July 11, 1956, Dutch George Drilling, Inc. was indebted to Fenly Oilfield Trucking, Inc. in the sum of $11,391.12. The same individuals who owned a controlling interest in Fenly, Inc. also owned the majority interest in Musgrove Corporation. On July 11, 1956, Dutch George Drilling, Inc., as contractor, and Musgrove Petroleum Corporation, as owner, entered into an oil and gas well drilling contract, and it is this contract that forms the basis for the plaintiff's action. The agreement was a standard drilling contract, except for the provision covering the amount to become payable to the driller, Dutch George Drilling, Inc., upon the completion of the contract. Paragraph 15 of the contract provided:

"It is hereby specifically understood that of the total sum which becomes

due under this contract from owner [Musgrove] to contractor [Dutch George], $3,500.00 thereof shall be paid to contractor [Dutch George] in cash upon completion of said well to the depth hereinabove provided. The remaining portion of the amount due hereunder shall be paid or credited by owner [Musgrove] to Fenly Oilfield Trucking, Inc., to be applied upon the existing indebtedness owed by contractor [Dutch George] to said Fenly Oilfield Trucking, Inc."

On August 3, 1956, Dutch George, Inc. completed the drilling of the well under the terms of the contract, and on August 7 plaintiff was appointed as receiver for Dutch George, Inc. As such receiver plaintiff made demand upon Musgrove Corporation for $13,082.19, which he claimed was due Dutch George, Inc. under the terms of the contract for the drilling of the well. Three and one-half years later the receiver commenced the present action to collect the mentioned amount claimed due under the contract.

Prior to trial the plaintiff eliminated certain charges due under the terms of the contract, and the parties agreed that $12,562.22 was the correct total figure for the drilling of the well. The defendant's answer alleged, and at the trial the defendant introduced evidence to show, that pursuant to the contract Musgrove had credited Fenly Oilfield Trucking, Inc. for $10,000 on August 6, 1956, which was a portion of the existing indebtedness owed by Dutch George, Inc. to the Fenly corporation when the contract was executed. Musgrove also alleged in its answer, and offered evidence at the trial to show, two modifications of the original contract. The first was an oral request made by Dutch George, Inc. and Great Bend Fishing Tool Co., Inc. to Musgrove to pay and guarantee to Great Bend, Inc. the sum of $1,107.58 for the performance of, during the drilling of the well, certain functions in furnishing and accomplishing special fishing tool work, and in accordance therewith Musgrove orally guaranteed to pay the contract price. The second modification was a written authorization by Dutch George, Inc., dated July 27, 1956, addressed to Musgrove, directing that Mountain Iron & Supply Co. was to bill Musgrove directly for drill bits and supplies used by Dutch George, Inc. in order to complete the well, and to deduct payment therefor from the amount due Dutch George, Inc. by Musgrove upon completion of their contract. Musgrove paid $1,380.37 to Mountain Iron & Supply Co. on August 2, 1957.

The sole question before the trial court, under the pleadings and competent evidence, was the extent of the obligation due Dutch George, Inc. from Musgrove under the terms of the contract sued

upon as modified by the oral agreement from Musgrove to guarantee Dutch George, Inc.'s obligation to Great Bend Fishing Tool Co., Inc., and the written obligation of Musgrove, made prior to the appointment of the receiver, guaranteeing Dutch George, Inc.'s obligation to Mountain Iron. The plaintiff is not seeking to set aside the contract on the ground of fraud, but bases his sole ground of recovery upon the terms of the contract. At the close of the evidence the trial court entered judgment for the full amount prayed for by the receiver, thereby failing to allow Musgrove's credit to Fenly, Inc. under paragraph 15 of the contract and the amounts paid by Musgrove to Great Bend and Mountain Iron.

It is a well-established rule of law that a receiver holds the property coming into his hands by the same right and title as the person for whose property he is receiver, subject to liens, priorities, and equities existing at the time of his appointment. The receiver thus becomes merely the assignee of the insolvent, and has exactly the same rights. He is not an innocent purchaser in any sense of the term. (*Home Trust Co. v. Miller Petroleum Co.*, 27 F. 2d 748; *Bates v. Wiggin*, 37 Kan. 44, 14 Pac. 442.) In *Cramer v. Iler*, 63 Kan. 579, 66 Pac. 617, we held that the appointment of a receiver did not determine any rights nor destroy any liens. His possession was exclusive, but he took it subject to all valid liens existing upon the property at the time of his appointment. We further stated that preferences were not lost nor priorities disturbed by such change of custody, and that while the ordinary proceedings at law are not available to those holding liens against the property in the hands of the receiver, a court of equity which appoints the receiver will protect the priorities and order distribution in accordance with the relative rights of lienholders and other claimants. (See, also, *Reeves v. Pierce*, 64 Kan. 502, 67 Pac. 1108; *State v. Bank*, 84 Kan. 366, 369, 114 Pac. 381.)

The contract upon which the receiver sues is the one upon which Musgrove relies for its setoff. It was made with Dutch George, Inc. before the receiver was appointed, and he is bound to respect it as fully as Dutch George, Inc. had not a receiver been appointed. The receiver acquired no greater right under the contract than the insolvent itself possessed, and the chose in action which passed to him is enforceable by the receiver only as it could have been enforced by Dutch George, Inc. at the time of the receiver's appointment. The receiver could only enforce the contract subject to de-

fendant's equitable right of setoff that existed at the time the receiver was appointed.

Dutch George, Inc., in order to perform its part of the agreement in drilling the well, was required to obtain additional bits and supplies. In order to do so it entered into a written authorization directing Musgrove to pay out of the amount due it under paragraph 15 of the contract the sum of $1,380.37. This letter was dated July 27, 1956—prior to the appointment of the receiver. Under this letter of authorization Musgrove became obligated to pay Mountain Iron & Supply Co. the mentioned amount out of the $3,500 due Dutch George, Inc. upon completion of the well. We are of the opinion this item was a proper deduction from the amount due Dutch George, Inc. With reference to the Great Bend contract, we are of the opinion that it is not deductible as a setoff.

In entering judgment, the trial court recognized the receiver took the same title as the owner had, subject to any rights, liens or setoffs that might exist. Therefore, had Dutch George, Inc. brought the action against Musgrove, it is apparent that the extent of its recovery under paragraph 15 of the contract would have been $3,500 inasmuch as it had agreed that the remainder would be applied to its indebtedness to Fenly, Inc. That amount had been applied prior to the appointment of the receiver. It appears from the record that the trial court erred in entering judgment for the full amount claimed and that the judgment should be reversed (G. S. 1949, 60-3317) with directions to the trial court to enter judgment in favor of the plaintiff in the amount of $3,500 under paragraph 15 of the contract, less the sum of $1,380.37 paid to Mountain Iron & Supply Co. by Musgrove under the written authorization of Dutch George, Inc., together with interest thereon at the rate of six per cent per annum from August 7, 1956.

It is so ordered.