(29 P.3d 457)

No. 85,278

LIMESTONE FARMS, INC., *Plaintiffs*, and TIM BEIM and INTERIOR FARMS, L.L.C., *Plaintiffs/Appellants*, v. DEERE & COMPANY and SMITH COUNTY IMPLEMENT, INC., d/b/a PHILLIPS COUNTY IMPLEMENT, *Defendants/Appellees*.

Opinion filed August 10, 2001.

·*Ellen Byers*, of Law Office of Ellen Byers, of Carbondale, for appellants.

*William F. High* and *Peter J. Vanderwarker*, of Blackwell Sanders Peper Martin L.L.P., of Overland Park, for appellee Phillips County Implement.

*Donald Patterson*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, for appellee Deere & Company.

Before ELLIOTT, P.J., GERNON, J., and WAHL, S.J.

ELLIOTT, J.: This case revolves around the sale of a defective planter. Plaintiffs allege numerous violations of the Kansas Consumer Protection Act (KCPA), K.S.A. 50-623 *et seq.*, and of the Uniform Commercial Code, Article 2—Sales, K.S.A. 84-2-101 *et seq.* The trial court granted defendants summary judgment on all counts. Only plaintiffs Tim Beim and Interior Farms, L.L.C., appeal.

We affirm.

Our standard of review is as stated in *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 (1999). When a summary judgment is based on undisputed facts, it becomes reviewable de novo on appeal. *Ekan Properties v. Wilhm*, 262 Kan. 495, 501, 939 P.2d 918 (1997).

The undisputed facts relevant to our review follow. Prior to 1994, Tim Beim farmed with his father, at which time Beim's father's farming company, JMP Enterprises, declared bankruptcy.

Beim decided to start his own farming company and agreed to lease 2,000 acres from Limestone Farms, Inc., on a cash rent basis.

Beim wanted to plant corn for the 1995 season; the seed needed to be in the ground no later than early May. In order to achieve this goal, Beim wanted to buy his father's machinery and get a farm loan for a new planter at the same time, but the father's bankruptcy proceedings were still pending.

Although Beim had decided to set up his own farming company, this had not been achieved in time for that new company to purchase a planter. For these reasons, Beim approached his landlord, Limestone Farms, Inc., to purchase the planter. Beim planned on paying Limestone Farms when he was able to purchase his father's equipment from the bankruptcy court. Limestone Farms agreed to this plan.

Beim approached Smith County Implement, Inc., d/b/a Phillips County Implement (PCI) to select a planter. After negotiations, Beim settled on a John Deere planter he thought to be no more than a year old, along with various attachments that were not manufactured by Deere. The purchase order listed Limestone Farms as the buyer and the date of purchase was May 3, 1995. The purchase agreement was signed by Limestone Farms' attorney-in-fact, and the purchase price was paid by a check drawn on Limestone Farms' account.

Beim's farm company, Interior Farms, L.L.C., was not formed until July 1995. Interior Farms then paid Limestone Farms for the planter in a somewhat unusual manner. On July 27, 1995, Interior Farms bought the father's farm equipment from the bankruptcy court. Included in the money paid the bankruptcy court was the cost of the planter, which the bankruptcy clerk then paid to Limestone Farms.

Once Beim took possession of the planter purchased by Limestone Farms, it soon became apparent the planter did not operate properly—for reasons not here pertinent. After attempting repair through PCI, Beim got the planter back sometime in May 1995 but could not begin planting corn until early June due to rains. As a result, Beim was unable to plant a full crop and that which did get planted produced a little over 50% of the anticipated yield.

Further, the inability of the planter to perform properly caused his milo crop to fail that year. The planter continued to operate deficiently for at least the next 2 years.

We shall deal with the various claims for relief in turn.

### *Plaintiffs' claims PCI and Deere breached express warranties (K.S.A. 84-2-313)*

In the amended petition, Beim and Interior Farms claimed PCI and Deere & Company (Deere) breached oral and written express warranties contained in the purchase agreement.

The trial court dismissed Beim's express warranty claims because he was not the owner of the planter and he had suffered no economic loss; the trial court found Interior Farms' claims were barred because it was not the original purchaser of the planter.

Any "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." K.S.A. 84-2-313(a). As used in that section, a "buyer" is one who buys or contracts to buy goods. K.S.A. 84-2-103(1)(a). It is undisputed that neither Beim, as an individual, nor Interior Farms bought or contracted to buy the planter from PCI. Thus, neither plaintiff is a "buyer" as that term is used in K.S.A. 84-2-313(a).

Plaintiffs urge us to look to parol evidence to find they "bought" the planter from defendants. While there is evidence from which a jury could find the purchase of the planter by Limestone Farms was to *benefit* plaintiffs, there is no evidence from which a jury could conclude the plaintiffs actually *bought* the planter from defendants. Further, Beim testified in his deposition that he had no individual interest in the planter.

On these undisputed facts, it is clear Beim and/or Interior Farms did not buy the planter from PCI and/or Deere.

In response, Beim claims the KCPA allows him to maintain his warranty claim against PCI and Deere regardless of privity. K.S.A. 50-639(b) provides that no action for breach of warranty with respect to property, the subject of a consumer transaction should fail

due to a lack of privity between the claimant and the party against whom the claim is made.

But the planter was not "property subject to a consumer transaction" as defined by the KCPA. As used in the KCPA, and as applied to this case, a "consumer" is one who is an individual or sole proprietor and acquires property for personal, family, business, or agricultural purposes. K.S.A. 50-624(b). A "consumer transaction" includes a sale of property within the state to a consumer. K.S.A. 50-624(c).

Here, the facts are undisputed: the planter was first purchased by a corporation, Limestone Farms, and then sold to a limited liability company, Interior Farms. No "consumer," as that term is defined in the KCPA, bought the planter, and, therefore, the planter could not have been the subject of a consumer transaction. Beim's argument fails.

Additionally, Beim testified in his deposition that he suffered no damages. Proof of damages is an essential element in an action for breach of express warranty. See PIK Civ. 3d 128.12 (seller who breaches an express warranty is liable to an *injured person*). Beim sought to avoid the consequences of this testimony by submitting an affidavit directly contradicting his sworn deposition testimony.

But questions of fact cannot be created by the use of an affidavit which contradicts prior deposition testimony in response to a motion for summary judgment. *Gassman v. Evangelical Lutheran Good Samaritan Society, Inc.*, 261 Kan. 725, 731, 933 P.2d 743 (1997).

The trial court properly granted defendants summary judgment on the breach of express warranty claims.

*Plaintiffs' claims PCI and Deere breached implied warranties (K.S.A. 84-2-314 and K.S.A. 84-2-315)*

Plaintiffs alleged both defendants breached the implied warranties of merchantability, K.S.A. 84-2-314, and of fitness for a particular purpose, K.S.A. 84-2-315. The trial court dismissed these claims for the same reasons it dismissed the express warranty claims.

Implied warranties arise by operation of law and not by agreement of the parties, their purpose being to protect a consumer from loss where merchandise fails to meet normal commercial standards. *Corral v. Rollins Protective Services* Co., 240 Kan. 678, 685, 732 P.2d 1260 (1987).

Pursuant to K.S.A. 84-2-314(2)(c), for a product to be merchantable, it must be "fit for the ordinary purposes for which such goods are used." To establish a breach of this implied warranty, a buyer must show the goods were defective and the defect existed at the time of the sale. *Black v. Don Schmid Motors, Inc.*, 232 Kan. 458, Syl. ¶ 4, 657 P.2d 517 (1983).

When a seller, at the time of contracting for a sale, has reason to know of a particular purpose for which a product is required, and the buyer is relying on the seller's skill and judgment to furnish suitable goods, there is an implied warranty the product will be fit for that purpose. *Lindquist v. Ayerst Laboratories, Inc.*, 227 Kan. 308, 320, 607 P.2d 1339 (1980).

Kansas law is clear: the "implied warranties of fitness and merchantability are not extended to a remote seller or manufacturer of an allegedly defective product, which is not inherently dangerous, for only economic loss suffered by a buyer who is not in contractual privity with the remote seller or manufacturer." *Professional Lens Plan, Inc. v. Polaris Leasing Corp.*, 234 Kan. 742, 755, 675 P.2d 887 (1984).

Assuming Beim and/or Interior Farms bought the planter, any implied warranties cannot extend to the remote seller, PCI, or the remote manufacturer, Deere.

Plaintiffs argue they were intended third-party beneficiaries of the contract for sale of the planter and, thus, are the proper plaintiffs on the implied warranties claims. But implied warranties do not arise from the contract; they arise by operation of law now codified at K.S.A. 84-2-314 and K.S.A. 84-2-315. See *Professional Lens Plan*, 234 Kan. at 747-48. As such, the Commercial Code sets limits on who may assert breach of implied warranty claims. See K.S.A. 84-2-318 which extends express or implied warranties to natural persons who may reasonably be expected to use the goods and who suffer personal, as opposed to economic, injury. Interior

Farms is not a natural person, and neither Interior Farms nor Beim claim any personal injuries. They cannot claim third-party beneficiary status.

The trial court properly denied the implied warranty claims.

### *Beim's claims defendants breached the KCPA (K.S.A. 50-623 et seq.)*

Plaintiff Tim Beim alleged both defendants committed deceptive and unconscionable acts and practices in violation of the KCPA, K.S.A. 50-626(a)(1)(C) (deceptive acts), and K.S.A. 50-627(7) (unconscionable acts). The trial court found Beim had no legal interest in the planter and suffered no damages.

As used in the KCPA, a consumer is an individual or sole proprietor who seeks or acquires property for personal, business, or agricultural purposes. K.S.A. 50-624(b). A consumer transaction includes a sale of property within the state to a consumer. K.S.A. 50-624(c). K.S.A. 50-626 prohibits a supplier from engaging in any deceptive act or practice in connection with a consumer transaction, and K.S.A. 50-627 prohibits a supplier from engaging in an unconscionable act or practice in connection with a consumer transaction.

In the present case, it is undisputed Beim never personally bought nor actually acquired the planter. Thus, Beim is not a consumer; therefore, defendants were not involved in a consumer transaction with Beim, and Beim cannot maintain an action based on K.S.A. 50-626 or K.S.A. 50-627. The trial court did not err in granting defendants' motion for summary judgment on this issue.

One additional issue must be mentioned. Alternatively, the trial court, on its own motion, ruled plaintiffs' warranty claims were time barred by K.S.A. 60-512. The trial court erred; the trial court cannot make such a ruling *sua sponte*. While trial courts may raise some issues on their own motions, "[a]ffirmative defenses, such as the statute of limitations, are not jurisdictional questions; thus, the issue was improperly raised by the [trial] court and constitutes error." *Frontier Ditch Co. v. Chief Engineer of Div. of Water Resources*, 237 Kan. 857, 864, 704 P.2d 12 (1985).

The trial court's error on this matter becomes harmless, since it was correct in granting summary judgment on the merits of plaintiffs' claims.

Affirmed.