No. 88,254

J.E. AKERS CO., INC., a dissolved Kansas Corporation, *Appellee*, v. ADVERTISING UNLIMITED, INC., and McCLEERY-CUMMINGS COMPANY, INC., *Appellants*.

(49 P.3d 506)

Opinion filed July 12, 2002.

*Keith J. Shuttleworth*, of Cohen, McNeile, Pappas & Shuttleworth, P.C., of Leawood, argued the cause and was on the briefs for appellants.

*Aaron J. Racine*, Monaco, Sanders, Gotfredson & Racine, L.C., of Kansas City, Missouri, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The court appointed a receiver for J.E. Akers Co., Inc. (J.E. Akers), a dissolved Kansas corporation. The receiver sought and the court granted authority under K.S.A. 17-6907 to sell corporate realty with improvements clear of encumbrances, including two judgment liens owned by the appellants, Advertising Unlimited, Inc. (Advertising Unlimited) and McCleery-Cummings Company, Inc. (McCleery-Cummings). K.S.A. 17-6907 permits such sale where, among other statutory requirements, "the validity, extent or legality of any such lien is disputed or brought in question." The appellants opposed the sale, contending that other than the allegations of the receiver, the record contains no evidence con-

cerning the "validity, extent or legality" of the liens. We agree and, therefore, reverse.

Nancy Akers, as the trustee of the Nancy J. Akers Revocable Living Trust, filed a petition to appoint Chris Engeman as receiver for J. E. Akers. The trust is the sole shareholder in the corporation. The district court ordered the appointment on the same day. The record on appeal lists over 30 unsecured creditors and 2 secured creditors. The appellants are the two secured creditors by reason of their judgment liens.

Following his appointment, the receiver filed a motion under K.S.A. 17-6907 seeking authority to sell corporate real estate with improvements free and clear of all encumbrances, including the judgment liens of Advertising Unlimited and McCleery-Cummings. The appellants objected, noting that the receiver's motion to sell contained no facts challenging the validity of the judgment liens.

Approximately 1 year before the appointment of the receiver, Advertising Unlimited and McCleery-Cummings obtained default judgments against J.E. Akers in the amounts of $37,920.54 and $54,636.10, respectively. In accordance with K.S.A. 2001 Supp. 60-2202(a), those judgments became liens on J.E. Akers' real estate within the county in which the judgments were rendered.

In his motion to sell free and clear of the judgment liens, the receiver alleged that "[t]he judgments obtained by the plaintiffs . . . were obtained by default *and the underlying validity thereof is disputed by the Receiver.*" (Emphasis added.) The receiver renewed his motion to sell clear of judgment liens without addressing the appellants' objection that the motion contained no facts challenging the validity of the judgment liens. A hearing was held, and other than statements of counsel, no evidence was presented. The district court, under the provisions of K.S.A. 17-6907, ordered the sale of the real property with improvements free and clear of the appellants' judgment liens without addressing the validity of the judgment liens. Advertising Unlimited and McCleery-Cummings appealed pursuant to K.S.A. 60-2102(a)(3). This court transferred the case from the Court of Appeals pursuant to K.S.A. 20-3018(c).

K.S.A. 17-6907 authorizes a receiver or trustee to sell property of a corporation under the following circumstances:

"Whenever the property of a corporation is at the time of the appointment of a receiver or trustee encumbered with liens of any character, and the validity, extent or legality of any such lien is disputed or brought in question, and the property of the corporation is of a character which will deteriorate in value pending the litigation respecting the lien, the district court may order the receiver or trustee to sell the property of the corporation, clear of all encumbrances, at public or private sale, for the best price that can be obtained therefor. The net proceeds arising from the sale thereof, after deducting the costs of the sale, shall be paid into the court, there to remain subject to the order of the court, and to be disposed of as the court shall direct."

The sole issue in this case involves the interpretation of the statutory language which allows the sale of property free and clear of judgment liens if the "validity, extent or legality of any such lien is disputed or brought in question." K.S.A. 17-6907. The parties agree that the "property of the corporation is of a character which will deteriorate in value pending the litigation respecting the lien." While the receiver contends that the application of K.S.A. 17-6907 to the facts of this case calls for an abuse of discretion standard of review, we conclude that the issue raised involves the interpretation of K.S.A. 17-6907. The interpretation of a statute is a question of law, and the standard of review is unlimited. *Robinett v. The Haskell Co.*, 270 Kan. 95, 100, 12 P.3d 411 (2000).

Upon appointment, a receiver is vested with title to all the corporate property subject to existing liens. K.S.A. 17-6902; *Cates v. Musgrove Petroleum Corporation*, 190 Kan. 609, 611, 376 P.2d 819 (1962). There is no dispute that Advertising Unlimited and Mc-Cleery-Cummings automatically secured judgment liens on J.E. Akers' real property located within the county by reason of their default judgments. See K.S.A. 2001 Supp. 60-2202(a). This case turns on determining whether the appellants' judgment liens have been disputed or brought in question within the meaning of K.S.A. 17-6907.

The receiver apparently relies in part on the default nature of the judgments entered in favor of the plaintiffs as well as documents presented at the hearing on the receiver's motion. According

to the receiver, the above is sufficient to warrant application of K.S.A. 17-6907. Ultimately, the receiver relies on the last sentence of paragraph three of his motion to sell real property free of encumbrances which provided that "[t]he judgments obtained by the plaintiffs in the lawsuit as aforesaid were obtained by default and the underlying validity thereof is disputed by the Receiver." According to the receiver's argument in his brief, the above allegation is "the only allegation and showing that is required by the first prong of K.S.A. 17-6907 for selling receivership property free of liens and other encumbrances."

We note that the documents referenced by the receiver were not admitted into evidence and are not contained in the record on appeal. Thus, other than the default nature of the judgments, the record contains no evidence disputing or bringing into question the validity, extent, or legality of plaintiffs' judgment liens. Moreover, while the law favors determinations of disputed claims on the merits of the claims, the law also recognizes the necessity of achieving finality in litigation. *Tyler v.. Cowen Construction, Inc.*, 216 Kan. 401, 406, 532 P.2d 1276 (1975). There is nothing in the record to suggest that improper procedures were utilized in obtaining the default judgments, nor does the record contain evidence of any attempt by J.E. Akers to set aside the default judgments under K.S.A. 60-260(b). Based upon the record before us, we conclude that the default judgments are valid and subsisting and contain no procedural defects. Thus, the default nature of the judgments provides no basis for disputing or questioning the validity, extent, or legality of the liens resulting from these judgments.

We are left with the receiver's allegation that the underlying validity of the judgments is disputed. If the judgments are invalid, the resulting liens would also be invalid. Is a mere allegation by the receiver that the judgment liens or the underlying judgments are invalid sufficient under K.S.A. 17-6907 to authorize a sale clear of the encumbrances? We think not. The express provisions of K.S.A. 17-6907 suggest otherwise.

There are two requirements under K.S.A. 17-6907 that must be met before a sale clear of encumbrances may be authorized. First, the validity, extent, or legality of the lien must be disputed or called

into question, and, second, the property of the corporation must be of a character which will deteriorate in value pending the litigation respecting the lien. Considering the second of the two requirements, the complete phrase ends with "pending the litigation respecting the lien." These words assume a nonfrivolous issue that could potentially consume time with litigation—in other words, an issue that cannot be solved quickly while avoiding the deterioration of the asset in the meantime. See *Wilkinson, Gaddis & Co. v. Shannon Lodge Sanitorium*, 132 N.J. Eq. 591, 595, 29 A.2d 631 (1943). ("The probable duration of the litigation is a significant factor, because it is in view of it that the court must determine whether the property is of a character materially to deteriorate by reason of the anticipated delay.") Without evidence respecting the legality of the judgments and resulting liens, the court has no way to determine whether there is any question concerning the validity, extent, or legality of the liens.

The record in this case contains no evidence to suggest that either the default judgments or the resulting liens therefrom are anything but valid. In the face of valid and legally sufficient liens, a determination to allow a sale free of such liens based upon mere allegations that such liens are disputed undermines the law authorizing the granting of default judgments, K.S.A. 60-255, as well as the law creating judgment liens, K.S.A. 2001 Supp. 60-2202(a). Finally, as noted above, the language of the statute itself, K.S.A. 17-6907, contemplates circumstances wherein there exists questions concerning the validity, extent, or legality of the liens *and* such property will deteriorate in value *"pending the litigation respecting the lien."* (Emphasis added.) This language suggests that there are questions of a serious nature which may have to be resolved by litigation. Thus, we conclude allegations alone are insufficient to satisfy the provisions of the statute.

Other states have enacted similar statutes. A review of decisions interpreting statutes in other jurisdictions would serve little purpose since those decisions are controlled by the particular state statute. However, even in those states where the statutory language is dissimilar, there is a requirement that a receiver establish before

the court the reasonableness of the sale. For example, New Jersey law provides:

"When property of a corporation for which a receiver has been appointed is, at the time of such appointment, subject to one or more encumbrances, the Superior Court, upon the application of the receiver, may authorize the receiver to sell such property at public or at private sale, clear of encumbrances, for such price and upon such terms as the court may approve. No such sale shall be authorized or made except upon prior notice to the holders of the encumbrances affecting such property, and unless the receiver demonstrates to the *satisfaction of the court that the sale of such property may be reasonably expected* to benefit general creditors of the corporation without adversely affecting the interests of the holders of the encumbrances. The proceeds of such sale shall be paid into court, there to remain until the further order of the court, subject to the same encumbrances which affected the property at the time of the sale." (Emphasis added.) N.J. Stat. Ann. § 14A:14-7 (West 1969).

Unlike Kansas, there is no explicit requirement in the New Jersey statute that the validity, extent, or legality of a lien be disputed or brought in question. Moreover, New Jersey subjects the proceeds to the lien that was attached to the property. Nevertheless, the sale is not authorized "unless the receiver demonstrates to the satisfaction of the court that the sale of such property may be reasonably expected to benefit general creditors without adversely affecting the interests of the encumbrances." Thus, the section demands a "reasonable" showing that the sale will benefit the general creditors without harming the holders of the encumbrances.

Interpreting an earlier version of the above statute, which is similar to the present Kansas statute, the New Jersey Supreme Court in *Sullivan v. James Leo Co.*, 124 N.J. Eq. 317, 326, 1 A.2d 400 (1938), stated:

"This power is also regarded and treated as being inherent in the court of chancery where it has been and is now often exercised. [Citation omitted.] And where the property to be sold is 'encumbered with mortgages or any other lien, the legality of which is questioned, and the property is of a character materially to deteriorate in value pending litigation' the court of chancery may order the receiver to sell same, pay the money into court, and direct the disbursement thereof subject to liens which existed against the property before sale.' Rev. Stat. 14:4-20. *But the exercise of this inherent and statutory power must be justifiable, in equity and good conscience, by the facts and circumstances of the particular case.* [Citation omitted.]" (Emphasis added.) 124 N.J. Eq. at 326.

The order of the district court in this case notes that its decision was made after "considering the evidence presented." The receiver in his brief and in oral argument makes reference to documents presented at the hearing on his motion to sell. However, the documents were not admitted into evidence, and the court makes no reference to any specific evidence considered before authorizing the sale. In the absence of any evidence disputing or calling into question the validity, extent, or legality of the liens, and in the face of valid default judgments resulting in legally valid statutory judgment liens, the district court order authorizing the sale under K.S.A. 17-6907, clear of all encumbrances, is invalid.

Reversed.