(59 P.3d 1021)
No. 88,180

PAUL WATKINS, *Appellant*, v. RANDALL L. MCALLISTER, M.D., S. DESAI, M.D., JAMES MCGOVERN, M.D., *Appellees*.

1256

Opinion filed November 15, 2002.

*Phillip L. Turner* and *Dan E. Turner*, of Topeka, for appellant.

*Caleb Stegall* and *Thomas L. Theis*, of Foulston Siefkin LLP, of Topeka, for appellees.

Before RULON, C.J., KNUDSON and BEIER, JJ.

KNUDSON, J.: In this medical malpractice case, the plaintiff Paul Watkins appeals from the grant of summary judgment to the defendant physicians, S. Desai and James McGovern. (At the request of the parties, the plaintiff's claim against Dr. Randall McAllister had previously been dismissed.) Two issues are raised: (1) Did the district court err in concluding the plaintiff failed to present expert medical testimony that the negligence of the physicians, if any, caused harm to the plaintiff; and (2) did the district court abuse its discretion in excluding depositions from consideration of the medical malpractice screening panel that had been convened under K.S.A. 65-4901 *et seq.*?

We affirm. Summary judgment was properly granted to the defendants because the plaintiff failed to present expert medical evidence to establish legal causation. The trial court's decision to strike depositions from the screening panel's consideration is consistent with K.S.A. 65-4903 and Supreme Court Rule 142 (2001 Kan. Ct. R. Annot. 192).

Watkins filed a workers compensation claim for his back injury. Depositions were taken in that proceeding, including those of Doctors Desai and McGovern. A screening panel was convened under K.S.A. 65-4901 *et seq.* In providing information to the screening panel as required under K.S.A. 65-4903 and Supreme Court Rule 142, Watkins included his own written statement, depositions from various medical providers, including those taken from the defendants, and an employment contract between St. Francis Hospital

and his employer. The defendants' motion to strike all of these submissions from consideration by the panel was granted by the district court, and a motion for reconsideration was denied. Watkins appealed to the Court of Appeals, but that appeal was found to be interlocutory and dismissed for lack of jurisdiction. Ultimately, the screening panel found: (1) Dr. Desai's examination and treatment of Watkins was within the applicable standard of care; (2) Dr. McGovern's examination and treatment was below the applicable standard of care; and (3) Dr. McGovern's treatment of Watkins did not contribute to the patient's injury or damages.

Subsequently, in the medical malpractice litigation, the district court granted the defendants' motion for summary judgment, finding that as a matter of law Watkins failed to produce expert testimony on the issue of causation. Watkins now appeals.

## The Grant of Summary Judgment

Watkins argues the district court erred in granting the defendants' motion for summary judgment. According to Watkins, the district court ignored the letter written by his expert witness, Dr. Bernard Abrams, and improperly viewed the remaining evidence in a light most favorable to the defendants in rendering its decision. Watkins maintains Dr. Abrams rendered an expert opinion on the issue of causation in his letter, and, therefore, the matter should proceed to trial for a jury determination of causation.

" 'Summary judgment is appropriate when the pleading[s], depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citation omitted.]" *Mitchell v. City of Wichita*, 270 Kan. 56, 59, 12 P.3d 402 (2000) (quoting *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 [1999]).

A medical malpractice claim requires the same elements of proof as any negligence action: (1) the existence of a duty; (2) breach of that duty; (3) injury; and (4) a causal connection between the duty breached and the injury suffered. *Schmidt v. Shearer*, 26 Kan. App. 2d 760, 764, 995 P.2d 381 (1999). Expert testimony is required in medical malpractice cases to establish the applicable standard of care and to prove causation. 26 Kan. App. 2d at 764. An exception to this requirement arises in cases where the lack of reasonable care or the existence of causation is apparent to the average layman from common knowledge or experience. *Hare v. Wendler*, 263 Kan. 434, 440, 442, 949 P.2d 1141 (1997). Here, Watkins does not dispute the district court's finding that the common knowledge exception did not apply to relieve him of the duty to provide expert testimony regarding causation.

The sequence of events pertaining to Dr. Abrams' participation in the case is important. Dr. Abrams first stated his opinion by letter, the relevant portions of which were as follows:

"None of these physicians apparently recognized the warning signs that this man could easily have a serious process in his lumbosacral spine that threatened the integrity of the Cauda Equina. Accordingly, he was not treated and a considerable delay ensued. It was only when he saw Dr. Sergio Delgado and had the MRI and was referred to Dr. Ebeling that he received appropriate diagnosis and treatment. The delay in his treatment resulted in a Cauda Equina syndrome.

"In conclusion, therefore, I believe that this patient's care from these three physicians, Dr. McCallister [*sic*], Dr. Desai, and Dr. McGovern, was below the standard of care and resulted in increased injury to his Cauda Equina. This conclusion is with a reasonable degree of medical certainty."

The deposition of Dr. Abrams was taken almost 2 years after he wrote the letter. In his deposition, Dr. Abrams testified the opinions stated in his letter addressed only the issue of whether the defendants deviated from the applicable standard of care. He explicitly testified he was without the necessary medical information to determine whether the defendants' breach of the standard of care and the resulting delay in treatment caused any injury to Watkins. Further, Dr. Abrams explicitly stated he was unable to assess at what point Watkins' injury would have been salvageable from a use standpoint.

More than a month later, Dr. Abrams signed an affidavit stating he had reviewed his deposition testimony, and his opinions concerning the defendants' actions and inactions as Watkins' treating physicians remained the same as those stated in his letter.

Watkins' current attempt to use Dr. Abrams' affidavit in conjunction with the letter to establish a genuine issue of a material fact must fail. Watkins attempts to explain away Dr. Abrams' deposition testimony to the extent it differs from statements made in the letter, by claiming counsel for the defendants engaged in "word games" with Dr. Abrams during the deposition. A review of the portions of the deposition contained in the record reveals no such questionable conduct.

It is clear Dr. Abrams' deposition testimony clarified the nature and extent of the opinions previously provided by letter. His subsequent affidavit contained no legal or factual justification for departure from the deposition testimony. The plaintiff's 11th hour attempt to use Abrams' affidavit to refute or recant deposition testimony is legally insufficient to preclude the grant of summary judgment. See *Gassman v. Evangelical Lutheran Good Samaritan Society, Inc.*, 261 Kan. 725, 731, 933 P.2d 743 (1997); *Limestone Farms, Inc. v. Deere & Company*, 29 Kan. App. 2d 609, 613, 29 P.3d 457 (2001). The district court correctly determined there was no genuine issue of material fact and did not err in its grant of summary judgment to the defendants.

*The Screening Panel Issue*

The record on appeal does not contain the depositions, statement, or contract ordered stricken by the district court. Without benefit of those materials, appellate review is unduly hampered. Inclusion of the documents in the appendix of an appellate brief is not sufficient. See *Zeferjohn v. Shawnee County Sheriff's Dept.*, 26 Kan. App. 2d 379, 383, 988 P.2d 263 (1999).

The defendants argue the screening panel issue is moot, noting that decisions of a screening panel are nonbinding under *Lawless v. Cedar Vale Regional Hosp.*, 252 Kan. 1064, 1071, 850 P.2d 795 (1993), and the district court's grant of summary judgment was predicated upon failure of the plaintiff to present expert testimony

on the issue of causation, an omission of proof not implicated by the decision to strike depositions. We find the defendants' argument persuasive.

We will not consider Watkins' claim of error based upon exclusion of his written statement and the employment contract. However, regarding the depositions of medical providers, including those of the named defendants in the malpractice litigation, we believe the issue raised is of public importance, capable of repetition. We choose to address this issue on its merits notwithstanding mootness and the failure to include the depositions in the record. See *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 (1996).

"Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 1, 829 P.2d 561 (1992). "When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." 250 Kan. 621, Syl. ¶ 2. Conversely, if legislative intent is not explicit, "we can presume that when the legislature expressly includes specific items, it intends to exclude any items not expressly included in the specific list." *In Re Marriage of Killman*, 264 Kan. 33, 42, 955 P.2d 1228 (1998). With these standards in mind, we turn to the substantive issue.

K.S.A. 65-4903 provides, in material part, that after a screening panel is convened, it shall consider "medical records and medical care facility records, contentions of the parties, examination of x-rays, test results and treatises." Supreme Court Rule 142(d)(8) (2001 Kan. Ct. R. Annot. 195) states: "Oral testimony and the presence of the parties shall not be permitted."

We conclude the district court properly struck the depositions from consideration of the screening panel. First, a deposition is a form of oral testimony, explicitly excluded under Supreme Court Rule 142(d)(8). A deposition has been defined as "[t]he testimony of a witness taken upon oral question . . ., not in open court, . . . and reduced to writing . . ., and intended to be used in preparation and upon the trial of a civil action or criminal pros-

ecution." Black's Law Dictionary 440 (6th ed. 1990). Second, because the legislature listed specific items to be submitted in K.S.A. 65-4903 and did not include depositions, we presume the legislature intended to exclude depositions.

For all of the foregoing reasons, we conclude the district court did not err in striking Watkins' submissions to the screening panel, nor did the court err in its grant of summary judgment for the defendants.

Affirmed.