(178 P.3d 59)
No. 97,062

MERLE J. "BOO" HODGES M.D. and MELISSA R. HODGES, *Appellants/Cross-appellees,* v. JIM JOHNSON d/b/a JOHNSON AND ASSOCIATES, *Appellee/Cross-appellant.*

Opinion filed March 14, 2008.

*Robert A. Martin* and *Lawrence E. Nordling,* of Norton, Wasserman, Jones & Kelly, L.L.C., of Salina, for appellants/cross-appellees.

*Larry G. Michel* and *Chris J. Kellogg*, of Kennedy Berkley Yarnevich & Williamson, Chartered, of Salina, for appellee/cross-appellant.

Before MARQUARDT, P.J., GREEN and LEBEN, JJ.

MARQUARDT, J.: Merle J. "Boo" Hodges, M.D., and Melissa R. Hodges (hereafter Dr. Hodges, Mrs. Hodges, or the Hodges) appeal from the district court's denial of an award of attorney fees. Jim Johnson, d/b/a Johnson and Associates, cross-appeals claiming he did not breach the warranty of merchantability and that the Hodges failed to adequately prove their damages. We affirm in part and reverse in part.

Johnson is a car dealer who sells used cars. Johnson sold the Hodges a 1995 Mercedes 320 with 135,945 miles on it in January 2005 for $17,020. Johnson testified that he told the Hodges the vehicle was a nice car in good condition. Dr. Hodges testified that Johnson said the car "was just pretty much a perfect car. He loved driving it." There was no discussion about the air conditioning, heating, or other components on the car at the time of the sale.

Both Johnson and Dr. Hodges testified that they had no reason to believe the air conditioner did not work when it was sold to the Hodges. Virgil Anderson, the Hodges' mechanic, could not determine whether the air conditioner problem existed when the Hodges bought the car, or occurred later.

Dr. Hodges testified that the vent did not cool the car in February and the car had a funny smell. In late March 2005, Mrs. Hodges testified that she noticed a problem with the air conditioner and contacted Anderson, who put freon in the air conditioner. About a month later, the air conditioner was not working and more freon was added. Mrs. Hodges phoned Johnson to inform him of the problem and Johnson explained that older vehicles may need a boost of freon every year. In May 2005, the air conditioner failed to work again. Anderson informed the Hodges that the air conditioning evaporator, condenser, and compressor needed to be replaced and would cost approximately $3,000 to $4,000.

Mrs. Hodges testified that in May 2005, or on a subsequent visit, a mechanic who worked for Anderson informed her for the first

time that Johnson had a product called Super Seal put in the air conditioning unit in May 2003. The mechanic said the use of the Super Seal complicated the repair of the air conditioner. Johnson testified that he recalled no problems with the air conditioner after the Super Seal was added in May 2003. Johnson could not say with certainty whether freon was added after that time. Johnson testified that the May 2003 air conditioner problem only involved the evaporator. Anderson diagnosed the condenser as the main problem in 2005.

Mrs. Hodges asked Johnson to pay for the air conditioner repair. Johnson refused. The Hodges filed a small claims action against Johnson alleging damages of $3,474. The small claims court found in favor of the Hodges and awarded them $3,474 plus interest. The small claims court made no findings of fact or conclusions of law. Johnson appealed to the district court.

The district court held a de novo hearing and found that Johnson gave the Hodges a written limited warranty which covered "lubricated internal parts of engine only" and was for "1,000 miles or 30 days whichever occurs first."

In the journal entry, the district court found "there is an implied warranty of merchantability" and Johnson "is responsible to the plaintiffs (Hodges) to provide a car that is merchantable." Even though the district court did not specifically find that Johnson had breached an implied warranty of merchantability, however, it was implied when it awarded the Hodges $3,474 in damages, $56 in costs, and interest at the judgment rate. Finding that Johnson's actions did not rise to the level of misrepresentation, the district court did not award the Hodges attorney fees.

The Hodges appeal the denial of attorney fees. Johnson cross-appeals the district court's order finding that an implied warranty of merchantability existed on the vehicle.

### Implied Warranty of Merchantability

On appeal, Johnson argues that the district court erred in finding that an air conditioner that malfunctioned sometime after the purchase of a 10-year-old car is covered by an implied warranty of merchantability. Johnson asserts that an air conditioner does not

affect the ordinary use of the car, he sold the vehicle to the Hodges at a steep discount, and there is no evidence in the record on appeal that the air conditioner did not work when it left Johnson's possession.

Whether a breach of the implied warranty of merchantability has occurred is a question of fact. *Black v. Don Schmid Motor, Inc.*, 232 Kan. 458, 473, 657 P.2d 517 (1983). However, before the issue of a breach can be addressed, there must be a finding that an implied warranty of merchantability applies to the item sold. That is a question of law. See *Limestone Farms, Inc. v. Deere & Company*, 29 Kan. App. 2d 609, 614, 29 P.3d 457 (2001). In the instant case, before we can determine if there was a breach of the implied warranty of merchantability, we must first determine if an implied warranty of merchantability applies to an air conditioner in a used car.

The Kansas Uniform Commercial Code provides that there is an implied merchantability for goods sold if the seller is a merchant with respect to goods of that kind. K.S.A. 84-2-314. Both parties agree that Johnson is a merchant with respect to the sale of used vehicles. To be merchantable, the goods must be fit for the ordinary purpose for which they are used. *Dale v. King Lincoln-Mercury, Inc.*, 234 Kan. 840, 842, 676 P.2d 744 (1984). To establish a breach of the implied warranty of merchantability, the buyer must prove the ordinary purpose of the type of goods involved and that the goods sold were not fit for that purpose. *Black*, 232 Kan. at 467. The buyer must show that the goods were defective, that the defect was present when the goods left the seller's control, and that the defect caused injury. *Dieker v. Case Corp.*, 276 Kan. 141, 162, 73 P.3d 133 (2003). In this case, the Hodges must show: (1) that the car was not fit for the purpose for which cars are used; (2) that the air conditioner did not work when it left Johnson's control; and (3) that the air conditioner caused injury.

Initially, we note that the district court did not find, and there is no evidence in the record on appeal, that the air conditioner did not work at the time of the sale to the Hodges. We just have Dr. Hodges' statement that he thought it did not work. Johnson testified that he believed the air conditioner worked when he sold the

car to the Hodges, and that it was fair for a buyer to assume that the air conditioner worked. However, Johnson made no representation to the Hodges regarding the air conditioner. The district court acknowledged that Johnson "may not have known of the failure of the air conditioning unit." There is no evidence in the record on appeal that the air conditioner was tested at the time the car was sold to the Hodges.

There is no Kansas case law on whether a used vehicle's inoperable air conditioner falls within the warranty of merchantability. The court in *International Petroleum Services, Inc. v. S & N Well Service, Inc.*, 230 Kan. 452, 457, 639 P.2d 29 (1982), stated that the extent of obligation for a merchant who sells used goods depends on the circumstances of the transaction, and a lower standard of expectation is afforded to used items:

"Courts have recognized that any number of things can foul the operation of complex machinery, and in the case of used goods, not all of these problems amount to a breach of the warranty of merchantability. The buyer's knowledge that the goods are used, the extent of their prior use, and whether the goods are significantly discounted may help determine what standards of quality should apply to the transaction." *International Petroleum*, 230 Kan. at 457.

In *International Petroleum*, the court determined that the implied warranty of merchantability only covered one of two pieces of equipment. The court held that repairs to the first piece of equipment were not covered when the engine had to be replaced shortly after purchase because: (1) the buyer knew it was composed of various used sources; (2) the equipment operated successfully for 90 days after initial repairs; (3) the equipment still operated for the purpose for which it was intended and the engine was replaceable; and (4) the seller made no untrue promises or affirmations as to the condition of the equipment. The court held that repairs to the second piece of equipment were covered when the seller improperly modified the equipment at the buyer's request and caused the entire piece of equipment to become inoperable, reasoning that it could no longer be used for its intended purpose. 230 Kan. at 458-60.

In *Black*, the court reiterated the reduced standard for the sale of used vehicles, stating that a buyer has a right to expect that

purchased goods will not turn out to be completely worthless but cannot reasonably expect that the goods will be the finest of all possible goods of that kind. 232 Kan. at 467. On the other hand, in *Dale*, the court held that a used vehicle with only 32,795 miles on it, which was described as a "cream puff," was unmerchantable when the engine failed, which rendered the vehicle inoperable. 234 Kan. at 840-41, 843.

In discussing the standard applicable to used goods, the court stated:

"The consumer protection act now places the responsibility upon the seller, not the purchaser, to determine the quality and condition of the goods. Still, the implied warranty of merchantability varies with the particular car. A late model, low mileage car, sold at a premium price, is expected to be in far better condition and to last longer than an old, high mileage, 'rough' car that is sold for little above its scrap value." 234 Kan. at 844.

*Dale* and *Black* suggest that a used vehicle may not be rendered unmerchantable unless a major component or several components are defective, causing the vehicle to become virtually inoperable.

An implied warranty of merchantability warrants the operation of major components that are necessary for the vehicle to operate, such as the engine and transmission, and it is the responsibility of the buyer to ensure that the components incidental to operation are in working condition. An air conditioner is not a major component of a car that is 10 years old with over 135,000 miles on it, and does not fall within the implied warranty of merchantability. We find no implied warranty of merchantability, considering the age of the car, the high mileage, and the fact that the Hodges provided no proof that the air conditioner did not work when they purchased the vehicle. The district court erred in applying the warranty of merchantability to these facts, and we reverse its award to the Hodges of $3,474 in damages, $56 in costs, and interest at the judgment rate.

### The Price Paid for the Car

Johnson next asserts that because he sold the vehicle to the Hodges at a steep discount, it was unreasonable for the Hodges to expect a vehicle in perfect condition. Whether a vehicle is sold at

a discount is a factor that may be considered when determining the quality that can be expected when purchasing a used vehicle. See *Dale,* 234 Kan. at 844; *International Petroleum,* 230 Kan. at 457. Johnson testified that he told the Hodges he would be taking a loss on the sale of this vehicle. Although Johnson explained at trial that selling at a loss allows buyers to later pay for maintenance on the vehicle, there is no evidence that this was fully explained to the Hodges at the time of sale. Testimony regarding the purpose and intent regarding a price reduction is ambiguous. This argument is not material to our decision.

### *Damages*

On cross-appeal, Johnson asserts that the Hodges failed to adequately prove damages. Because we are reversing on the issue of implied warranty of merchantability, we will not address the cross-appeal on the issue of damages.

### *Attorney Fees*

The Hodges claim that the district court erred by not awarding them attorney fees. The small claims court found in favor of the Hodges, and the district court reached the same conclusion; however, it stated that no attorney fees were granted because Johnson's actions did not rise to the level of misrepresentation. The Hodges argue the district court is required to award attorney fees under K.S.A. 61-2709(a) because they, as appellees, were successful on appeal. The application of a statute to the facts of a particular case is a legal question of interpretation over which this court has unlimited review. *J.E. Akers Co. v. Advertising Unlimited, Inc.,* 274 Kan. 359, 361, 49 P.3d 506 (2002).

K.S.A. 61-2709(a) states that an appeal can be taken from any judgment of the small claims procedure; if the appellee is successful on appeal, the court "shall award" to the appellee reasonable attorney fees incurred. The Kansas Supreme Court confirmed the mandatory nature of this directive in *Szoboszlay v. Glessner,* 233 Kan. 475, 482, 664 P.2d 1327 (1983), holding that the district court is "required" to award attorney fees to the prevailing party.

Johnson does not challenge this proposition, but instead argues that the Hodges failed to adequately prove damages to the district court and therefore did not "succeed" on appeal. This is merely an assertion that an element of the claim was not proven. Johnson essentially argues that the district court was incorrect in designating the Hodges as the prevailing party. When discussing whether a party is deemed successful on appeal for purposes of K.S.A. 61-2709(a), *Schuh v. Educational Reading Services of Kansas*, 6 Kan. App. 2d 100, 101, 626 P.2d 1219 (1981), stated:

"The term 'successful party' has been held to be synonymous with 'prevailing party.' [Citation omitted.] The term 'prevailing party' is defined in Black's Law Dictionary 1069 (5th ed. 1979) as:

'The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered. [Citations omitted.] The party ultimately prevailing when the matter is finally set at rest.'

"With respect to the specific question of attorney fees, it has been stated a prevailing party is the person who has an affirmative judgment rendered in his favor at the conclusion of the entire case. [Citation omitted.]"

Clearly, the Hodges meet this definition. The district court ruled in their favor, affirming the small claims court decision by reaching the same conclusion and awarding the same amount of damages. Johnson's argument assumes the district court's decision on the merits was incorrect. Because we find that the district court was incorrect, the Hodges are not entitled to attorney fees under *Szoboszlay*. See 233 Kan. at 482.

Johnson next asserts that K.S.A. 61-2709(a) is unconstitutional and violates the Equal Protection Clause of the 14th Amendment and § 1 of the Kansas Constitution Bill of Rights because it treats the parties in a disparate manner by allowing a successful appellee attorney fees on appeal but not allowing a successful appellant the same. Because we are reversing this case, we will not address the constitutionality of K.S.A. 61-2709(a).

We reverse the district court's finding of implied warranty of merchantability and affirm the district court's denial of attorney fees to the Hodges.

LEBEN, J., dissenting: The majority frames the primary issue in this case as a question of whether an implied warranty of merchantability applies to the air conditioner in a used car. They conclude that this determination is a question of law. In my view, this misstates the issue.

The transaction here was for the sale of a car, not an air conditioner. A warranty of merchantability arises as a matter of law when the seller is a merchant as to the type of goods sold. K.S.A. 84-2-314. In this case, the item sold was a used Mercedes, and both parties agree that Johnson was a used-car dealer. Because Johnson was admittedly a merchant with respect to used vehicles, there should be no question as to whether the implied warranty of merchantability applies in this case. The warranty was created by operation of law. See *Limestone Farms, Inc. v. Deere & Company*, 29 Kan. App. 2d 609, 614, 29 P.3d 457 (2001).

The real issue in this case is whether a faulty air conditioner in a specific used Mercedes that sold for about $17,000 constitutes a breach of that warranty of merchantability. Whether such a breach has occurred is a question of fact, not a question of law. See *Black v. Don Schmid Motor, Inc.*, 232 Kan. 458, 462, 657 P.2d 517 (1983). For goods to be merchantable, they must be fit for the ordinary purpose for which they are used, and the buyer must show that the goods were not fit for that purpose. K.S.A. 84-2-314(2)(c); *Black*, 232 Kan. at 467. The Kansas Supreme Court has acknowledged the fact-specific nature of this inquiry by holding that the obligation of a merchant selling used goods is dependent on the circumstances of the transaction. See *International Petroleum Services, Inc. v. S & N Well Service, Inc.*, 230 Kan. 452, 457, 639 P.2d 29 (1982); see also *Dale v. King Lincoln-Mercury, Inc.*, 234 Kan. 840, 844, 676 P.2d 744 (1984) (stating that "the implied warranty of merchantability varies with the particular car").

Kansas law is thus clear that the merchantability—or lack thereof—of a used car is dependent on many factors. See *International Petroleum Services*, 230 Kan. at 457. To conclude as a matter of law that a faulty air conditioner can never constitute a breach of a warranty of merchantability, as the majority does, is far too sweeping and runs counter to that nuanced philosophy of mer-

chantability. The quality spectrum of used cars is wide. Certainly, the expectations of a buyer and seller of a pristine, late-model luxury car with very low mileage are drastically different than those of the buyer and seller of a beat-up, 20-year-old jalopy that has been driven more than 200,000 miles. While it might be unreasonable to expect a working air conditioner in the jalopy, the expectations for the air conditioner in the luxury car would be quite different—especially if a high price was paid. But while there may be no debate as to whether a broken air conditioner breaches a warranty of merchantability in those respective situations, the area between those extremes is more questionable. Where a vehicle in a transaction falls between those opposites, the district court's decision as a fact-finder ought to be respected.

We do not have a Kansas appellate case that tells us exactly when the facts supporting an implied warranty of merchantability in a used car may become so outside the realm of fair debate that the matter should be decided as a legal question. But a similar issue arises in other areas in which that issue is ordinarily a question of fact, as with whether a breach of implied warranty has occurred. For example, issues of negligence and causation usually are for the fact-finder to decide. *St. Clair v. Denny*, 245 Kan. 414, 417, 781 P.2d 1043 (1989). Even in such cases, however, we sometimes find that the facts are so far at one end of the spectrum of possible cases that the matter may be decided as a matter of law on summary judgment. *E.g., Hale v. Brown*, 38 Kan. App. 2d 495, 167 P.3d 362 (2007) (affirming grant of summary judgment on negligence claim based on finding that accident was not sufficiently foreseeable); *Berthelson v. Developmental Services of Northwest Kansas*, No. 95,274, unpublished opinion filed December 22, 2006, *rev. denied* 283 Kan. 930 (2007) (affirming grant of summary judgment on negligence claim based on weakness of evidence of causation). See generally 11 Stempel, Moore's Federal Practice § 56.11[6][a] (3d ed. 2007); 10A Wright, Miller, Kane, Federal Practice and Procedure: Civil 3d § 2729 (1998).

In this case, the vehicle was an older Mercedes with more than 100,000 miles on it and apparently in good working order. While not exactly new, the car sold for about $17,000 and was certainly

no jalopy. Under these facts, the car seems to fall squarely between the extremes noted above. The question to be decided here, then, was a question of fact, and we must uphold the decision of the fact-finder if it is supported by substantial evidence. *Wilson v. Wilson*, 37 Kan. App. 2d 564, 572, 154 P.3d 1136 (2007). The district court's decision here that a faulty air conditioner in this particular car constituted a breach of the warranty of merchantability is supported by substantial evidence. We should therefore respect and uphold that decision.

Because the majority determined that the Hodges had no claim at all, their opinion does not address some issues that would have been relevant had they agreed with my conclusion that we must affirm the district court's finding of a breach of the implied warranty of merchantability. The Hodges initiated the appeal on the district court's decision not to award attorney fees to them. Johnson cross-appealed, claiming both that there was no implied warranty and that the Hodges had not provided sufficient evidence of their damages. Because the majority found no warranty, its opinion did not address the damages issue. And although the majority noted that an award of attorney fees is required by statute for successful appellees from small-claims proceedings, its opinion never reached that issue since the Hodges did not succeed on their claim on appeal.

The district court had ruled in favor of the Hodges and awarded $3,474 in damages. There was testimony before the district court from mechanic Virgil Anderson, and he provided an estimate that the repair costs would be that amount. Although Johnson argues now on appeal that this was merely an estimate and not sufficient to prove the Hodges' damages, the district court obviously disagreed. When a party challenges the amount of damages awarded, we review the evidence in a light most favorable to the prevailing party to determine whether it supports the judgment. *Warren v. Heartland Automotive Services, Inc.*, 36 Kan. App. 2d 758, 763, 144 P.3d 73 (2006). Because a correct measure of damages is the cost of repair, *International Petroleum Services*, 230 Kan. at 460, and there was testimony that it would cost $3,474 to repair and replace the faulty air conditioner, the Hodges adequately proved

their damages. In addition, as the prevailing party, the Hodges would be entitled to attorney fees.

I would therefore affirm the district court's judgment awarding damages for breach of the implied warranty of merchantability but reverse as to its denial of attorney fees and remand for a determination of the appropriate fee award.